2022 CO 37
In the Matter of the Titles, Ballot Titles, and Submission Clauses for Proposed Initiatives 2021-2022 #67, #115, and #128 Christopher Fine, Petitioner v. Steven Ward and Levi Mendyk, Respondents and Teresa Conley, David Powell, and Jeremiah Barry Title Board: Nos. 22SA101, 22SA142, 22SA155
Supreme Court of Colorado, en banc
June 27, 2022

 Original Proceedings Pursuant to § 1-40-107(2), C.R.S.
(2021) Appeals from the Ballot Title Setting Board

 Attorneys for Petitioner:

 Recht
 Kornfeld, P.C.

 Mark
 G. Grueskin

 Denver, Colorado

 Attorneys for Respondent:

 Maven
 Law Group

 Suzanne Taheri

 Englewood, Colorado

 Attorneys for Title Board in Cases 22SA101 and 22SA155:

 Philip
 J. Weiser, Attorney General

 Emily
 B. Buckley, Assistant Attorney General

 Denver, Colorado

 Attorneys for Title Board in Case 22SA142:

 Philip
 J. Weiser, Attorney General

 Peter
 G. Baumann, Assistant Attorney General

 Denver, Colorado

 JUSTICE HART delivered the Opinion of the Court, in which
 CHIEF JUSTICE BOATRIGHT, JUSTICE MÁRQUEZ, JUSTICE
 HOOD, JUSTICE GABRIEL, JUSTICE SAMOUR, and JUSTICE
 BERKENKOTTER joined.

 OPINION

 HART
 JUSTICE

 ¶1
 In this opinion, we consider whether three proposed
 initiatives-Initiative 2021-2022 #67, Initiative 2021-2022
 #115, and Initiative 2021-2022 #128 (collectively,
 "Initiatives")-violate the single-subject
 requirement of the Colorado Constitution. Each of the
 Initiatives includes provisions that would allow food
 retailers already licensed to sell beer to also sell wine and
 provisions that would authorize third-party delivery services
 to deliver all alcohol beverages sold from licensed retailers
 to consumers at their homes.

 ¶2
We hold that these provisions combine two subjects that are
 not necessarily or properly connected: (1) the sale of wine
 at grocery stores and (2) the home delivery of alcohol by
 third parties. The Initiatives therefore violate the
 single-subject requirement, and the Title Board lacked
 jurisdiction to set titles for them. Accordingly, we reverse
 the Board's actions.

 I.
Facts and Procedural History

 ¶3
Steven Ward and Levi Mendyk (collectively,
 "Respondents") submitted the Initiatives to the
 Board for designation of a fair title and submission clause

 pursuant to section 1-40-106, C.R.S. (2021). The Board
 conducted hearings on the Initiatives in March and April 2022
 and designated and fixed their titles.[1]

 ¶4
Christopher Fine ("Petitioner"), a registered
 elector, then filed motions for rehearing on each fixed title
 and its corresponding ballot title and submission clause,
 alleging in part that the Initiatives contain multiple
 subjects. See Colo. Const. art. V, § 1(5.5);
§ 1-40-106.5, C.R.S. (2021). The Board reheard the
 Initiatives and subsequently made some edits to the titles,
 but it otherwise denied Petitioner's motions with one
 member of the Board dissenting.

 ¶5
 During the rehearing on Initiative #67, the dissenting member
 of the Board observed: "I am thinking there may very
 well be people who don't have a problem with adding wine
 to grocery stores and convenience stores but have a bigger
 concern when all types of hard liquor could be expanded and
 delivered in the manner that's proposed by
 proponents." Another member of the Board expressed the
 same concerns, despite ultimately voting to set title.

 ¶6
Petitioner filed this original proceeding for review of the
 Board's actions pursuant to section 1-40-107(2), C.R.S.
(2021).

 II.
Analysis

 ¶7
We begin with the standard of review. Then, we discuss the
 single-subject requirement for initiatives and analyze
 whether the Initiatives violate that requirement. Concluding
 that they do, and therefore that the Board lacked
 jurisdiction to set title, we reverse the Board's
 actions.

 A.
Standard of Review

 ¶8
 When a proposed initiative comprises multiple subjects, the
 Board lacks jurisdiction to set its title. See Colo.
 Const. art. V, § 1(5.5) (stating that "no title
 shall be set" for a measure that "contains more
 than one subject"); § 1-40-106.5 (articulating the
 single-subject requirement for ballot initiatives). "We
 liberally construe the [single-subject] requirement both
 because of the Title Board's considerable discretion in
 setting the title and the ballot title and submission clause
 and in order to avoid unduly restricting the initiative
 process." In re Title, Ballot Title & Submission
 Clause for 2021-2022 #16, 2021 CO 55, ¶ 8, 489 P.3d
 1217, 1220 (quoting In re Title, Ballot Title &
 Submission Clause for 2019-2020 #315, 2020 CO 61, ¶
 17, 500 P.3d 363, 367).

 ¶9
We therefore overturn the Board's determination of a
 single subject only in a "clear case," In re
 2019-2020 #315, ¶ 17, 500 P.3d at 367 (quoting
In re Title, Ballot Title, & Submission Clause for
 2013-2014 #76, 2014 CO 52, ¶ 8, 333 P.3d 76, 79)-
 giving "all legitimate presumptions in favor of the
 propriety of the Board's

 actions," In re 2021-2022 #16, ¶ 9, 489
 P.3d at 1220 (quoting In re Title, Ballot Title &
 Submission Clause for 2009-2010 #91, 235 P.3d 1071, 1076
(Colo. 2010)). However, our deference here is not absolute;
 we have an obligation to "examine the initiative's
 wording to determine whether it comports with the
 constitutional requirements," In re 2019-2020
 #315, ¶ 8, 500 P.3d at 366, and we have found clear
 violations of the single-subject requirement on review on
 multiple occasions, see, e.g., In re 2021-2022
 #16, ¶ 42, 489 P.3d at 1225 (reversing the
 Board's title setting on a proposed initiative amending
 animal cruelty statutes in two distinct ways); In re
 Title, Ballot Title & Submission Clause for 2015-2016
 #132, 2016 CO 55, ¶ 36, 374 P.3d 460, 469 (holding
 that initiatives "combining the restructuring of the
 Reapportionment Commission with changes to the constitutional
 role of the Supreme Court Nominating Commission"
 violated the single-subject requirement); In re Title,
 Ballot Title & Submission Clause, & Summary for
 1997-1998 #84, 961 P.2d 456, 461 (Colo. 1998)
(concluding that two initiatives aimed at lowering certain
 state and local taxes "contain[ed] multiple subjects and
 thus violate[d] the [single-subject] requirement");
In re Title, Ballot Title & Submission Clause,
 Summary for 1997-1998 #64, 960 P.2d 1192, 1198 (Colo.
1998) (holding that an initiative involving judicial office
 qualifications violated the prohibition against multiple
 subjects).

 ¶10
 In conducting our limited review of the Title Board's
 actions, we use general rules of statutory construction,
 "giving words and phrases their plain and ordinary
 meanings." In re 2021-2022 #16, ¶ 10, 489
 P.3d at 1220 (quoting In re 2019-2020 #315, ¶
 8, 500 P.3d at 366). We do not consider the merits of the
 proposed initiatives nor their validity or efficacy if
 approved by voters and enacted. Id.

 B.
The Single-Subject Requirement

 ¶11
 Article V of the Colorado Constitution reserves the power of
 initiative to the people, § 1(2), but prohibits an
 initiative from "containing more than one subject,"
§ 1(5.5). If an initiative contains multiple subjects,
 then "no title shall be set and the measure shall not be
 submitted to the people for adoption or rejection at the
 polls." Id.; see also §
 1-40-106.5 (stating the single-subject requirement and its
 purposes).

 ¶12
 The single-subject requirement exists "to prevent or
 inhibit various inappropriate or misleading practices that
 might otherwise occur." § 1-40-106.5(1)(d).
Specifically, it is designed to prevent "the practice of
 putting together in one measure subjects having no necessary
 or proper connection, for the purpose of enlisting in support
 of the measure the advocates of each measure, and thus
 securing the enactment of measures that could not be carried
 upon their merits," § 1-40-106.5(1)(e)(I), and to
 "prevent surprise and fraud from being

 practiced upon voters" by ensuring that the title of the
 measure "apprise the people of the subject," §
 1-40-106.5(1)(e)(II).

 ¶13
 To meet the single-subject requirement, we have previously
 explained that an initiative's provisions must be
 "necessarily and properly connected,"‍ In
 re 2021-2022 #16, ¶ 13, 489 P.3d at 1221 (quoting
 In re 2019-2020 #315, ¶ 13, 500 P.3d at 367);
 that is, "relat[ing] directly to its single
 subject," id. at ¶ 14, 489 P.3d at 1221
(quoting In re 2009-2010 #91, 235 P.3d at 1076), and
 "tend[ing] to effect or to carry out one general
 objective or purpose," id. (quoting In re
 Title, Ballot Title & Submission Clause for 2017-2018
 #4, 2017 CO 57, ¶ 8, 395 P.3d 318, 321). An
 initiative with provisions that are "disconnected or
 incongruous," id. at ¶ 13, 489 P.3d at
 1221 (quoting In re 2019-2020 #315, ¶ 13, 500
 P.3d at 367)-covering "more than one subject and
 [having] at least two distinct and separate purposes which
 are not dependent upon or connected with each other,"
id. (quoting In re Title, Ballot Title &
 Submission Clause for 2005-2006 #74, 136 P.3d 237, 239
(Colo. 2006))-violates this requirement.

 ¶14
We have recognized that "[m]ere implementation or
 enforcement details directly tied to the initiative's
 single subject will not, in and of themselves, constitute a
 separate subject." In re 2005-2006 #74, 136
 P.3d at 239. However, attempting to "characterize an
 initiative under some general theme will not save [it] from
 violating the single-subject rule if the initiative contains
 multiple

 subjects." In re 2019-2020 #315, ¶ 16, 500
 P.3d at 367 (quoting In re 2009-2010 #91, 235 P.3d
 at 1076).

 ¶15
We also consider the purposes of the single-subject
 requirement when assessing whether an initiative's
 provisions are necessarily and properly connected. See In
 re 2021-2022 #16, ¶ 16, 489 P.3d at 1221
(explaining that this analysis includes the
 "anti-logrolling and anti-fraud purposes of the
 single-subject requirement"). First, the single-subject
 requirement prompts us to ask whether there is danger of
 logrolling: Have measures been combined to secure the
 enactment of one that could not be carried out on its own?
See § 1-40-106.5(1)(e)(I); see also In re
 2017-2018 #4, ¶ 14, 395 P.3d at 322. Second, we ask
 whether there is a risk that voters will be surprised by the
 provisions. See id. (finding no surprise where the
 initiative is "not overly lengthy or complex, and its
 plain language is not confusing").

 C.
The Initiatives Violate the Single-Subject
 Requirement

 ¶16
 Applying these legal principles, we conclude that the
 Initiatives present a clear violation of the single-subject
 requirement. Each of them would result in two significant and
 unrelated changes to the regulation of alcohol in Colorado.

 ¶17
 First, the Initiatives would expand the authority of food
 retailers already licensed to sell beer to also sell wine.
This expansion of authority requires substantive changes made
 mostly, though not exclusively, in the Colorado Beer

 Code for Initiatives #67 and #115, see §§
 44-4-101 to -107, C.R.S. (2021), and in article XXII of the
 Colorado Constitution for Initiative #128.

 ¶18
 Second, the Initiatives would authorize third-party providers
 like Grubhub or Uber Eats to deliver alcohol from licensed
 retailers to consumers. The Colorado Liquor Code,
 §§ 44-3-101 to -1002, C.R.S. (2021), currently
 restricts when and how a licensed retailer of alcohol
 beverages delivers those beverages, such as by requiring
 delivery only by the retailer itself, §
 44-3-409(3)(a)(II), C.R.S. (2021), and restricting deliveries
 so that they comprise "no more than fifty percent of [a
 licensee's] gross annual revenues," §
 44-3-409(3)(a)(IV). The proposed Initiatives lift those
 restrictions (by statute or constitutional amendment), and
 they do so for all types of alcohol
 beverages-including beer, wine, and liquor.

 ¶19
 In In re 2021-2022 #16, we explained that "[w]e
 must examine sufficiently an initiative's central theme
 to determine whether it contains hidden purposes under a
 broad theme." ¶ 21, 489 P.3d at 1222 (quoting
In re Title, Ballot Title & Submission Clause, for
 2007-2008 #17, 172 P.3d 871, 875 (Colo. 2007)). Our
 concern was that two disconnected provisions could be
 described as a single subject if done at a sufficiently high
 level of generality. Id. Thus, we considered whether
 provisions of an initiative that not only expanded the
 definition of "animal cruelty" but also expanded
 the definition of "sexual act with an animal" each
 related to the "central theme of expanding the animal
 cruelty statutes to include

 livestock." Id. at ¶¶ 22-23, 489 P.3d
 at 1222. We concluded that, although related when considered
 at a high level of generality, the provisions served
 different purposes not sufficiently connected to constitute a
 single subject. Id. at ¶ 41, 489 P.3d at 1225.

 ¶20
 The Initiatives here present the same problem. Respondents
 contend that the Initiatives' central focus is
 "expanding the retail sale of alcohol beverages,"
 and they assert that both measures implement that goal. But
 "expanding the retail sale of alcohol beverages" is
 such a general focus that it could encompass a nearly
 limitless array of subjects. In the case of these
 Initiatives, we conclude that the covered subjects-(1) the
 sale of wine by retailers licensed to sell beer and (2) the
 home delivery of alcohol by third-party delivery services-are
 too distinct to satisfy the single-subject requirement.

 ¶21
 The sale of wine in grocery stores has been a topic of
 legislative and public debate for decades. Forty years ago,
 proponents submitted an initiative to allow wine sales in
 grocery stores to the voters. See In re Title, Ballot
 Title & Submission Clause, & Summary Pertaining to
 the Sale of Table Wine in Grocery Stores Initiative Adopted
 on March 24, 1982, 646 P.2d 916, 919-20 (Colo. 1982).
That initiative failed to garner majority support. In the
 intervening years, the General Assembly has considered
 multiple proposals to fully permit wine sales in
 supermarkets, but it has instead taken incremental steps,
 permitting some-but not all-grocery stores

 to sell alcohol. See, e.g., Ch. 365, sec. 1, §
 12-47-408, 2016 Colo. Sess. Laws 1522, 1522-1526 (permitting
 an expansion of the number of locations a grocery store could
 sell alcohol within the state); Ch. 366, sec. 1, 2018 Colo.
 Sess. Laws 2190, 2190 (same). And the present case
 illustrates that this public debate remains unsettled.

 ¶22
 Whether to allow third-party delivery services to deliver
 alcohol to consumers in their homes presents a similarly
 unsettled policy choice, yet it constitutes a completely
 distinct subject. Respondents and the Board argue that the
 relaxation of restrictions on alcohol delivery sufficiently
 relates to grocery store sales of wine because each will
 increase the retail sale of alcohol. But the indirect
 relationship between alcohol delivery and retail sales fails
 to satisfy the single-subject requirement. See In re
 1997-1998 #64, 960 P.2d at 1198 (holding that a measure
 that "indirectly affects" the central objective is
 inconsistent with the single-subject requirement).

 ¶23
 The inclusion of both subjects in one initiative "is
 precisely the logrolling dilemma that the voters intended to
 avoid when they adopted the [single-subject]
 requirements." In re Title, Ballot Title, &
 Submission Clause for 2011-2012 #3, 2012 CO 25, ¶
 31, 274 P.3d 562, 571 (Hobbs, J., dissenting). A central
 purpose of the single-subject requirement is that it
 "precludes the joining together of multiple subjects
 into a single initiative in the hope of attracting support
 from various factions which may have different or even
 conflicting interest." In re Proposed Initiative
 "Public Rights in Waters II",

898 P.2d 1076, 1079 (Colo. 1995). As members of the Title
 Board recognized, even while ultimately setting title for
 these Initiatives, some voters might well support home
 delivery of alcohol while preferring to keep wine out of
 grocery stores, and others might feel precisely the opposite.
These are simply two different subjects. The mere fact that
 both topics involve the regulation of alcohol is not enough
 to make them necessarily and properly connected.

 III.
Conclusion

 ¶24
 Because the Initiatives contain two distinct subjects-the
 sale of wine in grocery stores and the home delivery of all
 alcohol by third-party delivery services-that are not
 necessarily and properly connected, they violate the
 single-subject requirement of the Colorado Constitution. We
 therefore conclude that the Title Board lacked jurisdiction
 over these Initiatives for setting titles, and we reverse its
 actions doing so.

 APPENDIX:
 Titles and Filed Text of Initiatives

 2021-2022
 #67

 Title

 A
 change to the Colorado Revised Statutes concerning the retail
 sale of alcohol beverages, and, in connection therewith,
 establishing a new fermented malt beverage and wine retailer
 license to allow grocery stores, convenience stores, and
 other business establishments licensed to sell beer for
 consumption off the licensed premises to also sell wine for
 off-premises consumption; automatically converting a
 fermented malt beverage retailer license authorizing the sale
 of beer for off-premises consumption that was in effect on
 March 1, 2023, to the new fermented malt beverage and wine
 retailer license; allowing fermented malt beverage and wine
 retailer licensees to conduct tastings on the licensed
 premises if approved by the local licensing authority; and
 allowing retail establishments licensed to sell alcohol
 beverages to deliver alcohol beverages to a person 21 years
 of age or older through a third-party delivery service that
 has obtained a delivery service permit from the state
 licensing authority.

 Filed
 Text

 Be
 it enacted by the People of the State of Colorado:

 SECTION
 1: Declaration

 The
 People of the State of Colorado hereby find and declare that
 Article 4 Title 44, C.R.S. known as the "Colorado Beer
 Code", shall be amended to allow, beginning March 1,
 2023, the sale of wine in grocery and convenience stores that
 are licensed to sell beer; and permit home delivery of
 alcohol sales made by licensed retailers through third-party
 home delivery service provider.

 SECTION
 2. In Colorado Revised Statutes, 44-3-103, add
 (11.8), (18.5), (32.5), and (60.5) as follows:

 44-3-103.
 Definitions.

 As used
 in this article 3 and article 4 of this title 44, unless the
 context otherwise requires:

 (11.8)
"DELIVERY SERVICE PERMITTEE" MEANS ANY INDIVIDUAL,
 LIMITED LIABILITY COMPANY, CORPORATION, OR PARTNERSHIP THAT
 HOLDS A PERMIT TO DELIVER ALCOHOL UNDER SECTION 44- 3-911.5.

 (18.5)
"FERMENTED MALT BEVERAGE AND WINE RETAILER" MEANS A
 RETAILER LICENSED UNDER ARTICLE 4 OF THIS TITLE 44 TO SELL
 FERMENTED MALT BEVERAGES AND WINE, BUT NOT SPIRITOUS LIQUORS,
 IN ORIGINAL SEALED CONTAINERS FOR CONSUMPTION OFF THE
 LICENSED PREMISES.

 (32.5)
"OFF PREMISES RETAILER" MEANS ANY RETAILER LICENSEE
 UNDER THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44 THAT IS
 ALLOWED TO SELL ALCOHOL BEVERAGES AT RETAIL FOR CONSUMPTION
 OFF THE LICENSED PREMISES.

 (60.5)
"WINE" MEANS VINOUS LIQUORS.

 SECTION
 3. In Colorado Revised Statutes, 44-3-301, amend
 9(a)(I)(B), (12)(a.5)(I), and add (12)(a.5)(IV) as follows:

 44-3-301.
Licensing in general.

 (9)(a)(I)(B)
The state and local licensing authorities shall not grant
 permission under this subsection (9)(a)(I) to a fermented
 malt beverage AND WINE retailer licensed under section 44-4-
 107 (1)(a) to move its permanent location if the new location
 is: Within one thousand five hundred feet of a retail liquor
 store licensed under section 44-3-409; for a premises located
 in a municipality with a population of ten thousand or fewer,
 within three thousand feet of a retail liquor store licensed
 under section 44-3-409; or, for a premises located in a
 municipality with a population of ten thousand or fewer that
 is contiguous to the city and county of Denver, within one
 thousand five hundred feet of a retail liquor store licensed
 under section 44-3-409.

 (12)(a.5)(I)
 Notwithstanding any other provision of this article 3,
 SUBSECTION 12(A) OF THIS SECTION, on and after - March 1,
 2023, the state and local licensing authorities shall not
 issue a new fermented malt beverage AND WINE retailer's
 license under article 4 of this title 44 authorizing the sale
 at retail of fermented malt beverages AND WINE in sealed
 containers for consumption off the licensed premises if the
 premises for which the retail license is sought is located
 within five hundred feet of a retail liquor store licensed
 under section 44-3-409.

 (12)(a.5)(III)
 THIS SUBSECTION (12)(a.5) DOES NOT APPLY TO THE CONVERSION OF
 A LICENSE UNDER SECTION 44-4-107(1)(a.5).

 (12)(a.5)(IV)
 NOTWITHSTANDING ANY OTHER PROVISION OF SUBSECTION 12(a) OF
 THIS SECTION, THE STATE AND LOCAL LICENSING AUTHORITIES SHALL
 NOT ISSUE A NEW RETAIL LIQUOR STORE LICENSE UNDER ARTICLE 3
 OF THIS TITLE 44 AUTHORIZING THE SALE AT RETAIL OF MALT,
 VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR
 CONSUMPTION OFF THE LICENSED PREMISES IF THE PREMISES FOR
 WHICH THE RETAIL LICENSE IS SOUGHT IS LOCATED WITHIN FIVE
 HUNDRED FEET OF A FERMENTED MALT BEVERAGES AND WINE RETAILER
 LICENSED UNDER SECTION 44-4-107.

 SECTION
 4.

 In
 Colorado Revised Statutes, 44-3-313, amend (1)(e)(I),
 (1)(e)(II), (1)(e)(IV), and (1)(e)(V) as follows:

 44-3-313.
Restrictions for applications for new license.

 (1)(e)(I)
 If the building in which the fermented malt beverages AND
 WINE are to be sold pursuant to a license under section
 44-4-107 (1)(a) is located within five hundred feet of any
 public or parochial school or the principal campus of any
 college, university, or seminary; except that this subsection
 (1)(e)(I) does not apply to:

 (A)
 Licensed premises located or to be located on land owned by a
 municipality;

 (B) An
 existing licensed premises on land owned by the state;

 (C) A
 fermented malt beverage AND WINE retailer that held a valid
 license and was actively doing business before the principal
 campus was constructed;

 (D) A
 club located within the principal campus of any college,
 university, or seminary that limits its membership to the
 faculty or staff of the institution; or

 (E) A
 campus liquor complex.

 (1)(e)(II)
 The distances referred to in subsection (1)(e)(I) of this
 section are to be computed by direct measurement from the
 nearest property line of the land used for school purposes to
 the nearest portion of the building in which fermented malt
 beverages AND WINE are to be sold, using a route of direct
 pedestrian access.

 (1)(e)(IV)
 In addition to the requirements of section 44-3-312 (2), the
 local licensing authority shall consider the evidence and
 make a specific finding of fact as to whether the building in
 which the fermented malt beverages AND WINE are to be sold is
 located within any distance restriction established by or
 pursuant to this subsection (1)(e). The finding is subject to
 judicial review pursuant to section 44-3-802.

 (1)(e)(V)
 This subsection (1)(e) applies to:

 (A)
 Applications for new fermented malt beverage AND WINE
 retailer's licenses under section 44- 4-107 (1)(a)
 submitted on or after - MARCH 1, 2023; and

 (B)
 Applications submitted on or after June 4, 2018 MARCH 1,
 2023, under section 44-3-301 (9) by fermented malt beverage
 AND WINE retailers licensed under section 44-4-107 (1)(a) to
 change the permanent location of the fermented malt beverage
 AND WINE retailer's licensed premises.

 SECTION
 5.

 In
 Colorado Revised Statutes, 44-3-901, amend (1)(g),
 (1)(i)(III), (6)(i)(II), (6)(k)(I), (6)(k)(II)(B),
 (6)(k)(IV), (6)(k)(V), and (6)(p)(III), and (8)(b) as
 follows:

 44-3-901.
Unlawful acts - exceptions - definitions.

 (1)(g)
 To sell at retail any malt, vinous, or spirituous liquors in
 sealed containers without holding a retail liquor store or
 liquor-licensed drugstore license, except as permitted by
 section 44-3-107 (2) or 44-3-301 (6)(b) or any other
 provision of this article 3, or to sell at retail any
 fermented malt beverages in sealed containers without holding
 a fermented malt beverage retailer's license under
 section 44-4-104 (1)(c) OR TO SELL AT RETAIL ANY FERMENTED
 MALT BEVERAGES AND WINE IN SEALED CONTAINERS WITHOUT HOLDING
 A FERMENTED MALT BEVERAGE AND WINE RETAILER'S LICENSE
 UNDER SECTION 44-4-107 (1)(a).

 (1)(i)(III)(A)
 Notwithstanding subsection (1)(i)(I) of this section, it
 shall not be unlawful for adult patrons of a retail liquor
 store, liquor-licensed drugstore or FERMENTED MALT BEVERAGE
 AND WINE RETAILER licensee to consume malt, vinous, or
 spirituous liquors on the licensed premises when the
 consumption is conducted within the limitations of the
 licensee's license and is part of a tasting if
 authorization for the tasting has been granted pursuant to
 section 44-3-301.

 (1)(i)(III)(B)
 NOTWITHSTANDING SUBSECTION (1)(i)(I) OF THIS SECTION, IT
 SHALL NOT BE UNLAWFUL FOR ADULT PATRONS OF A FERMENTED MALT
 BEVERAGE AND WINE RETAILER LICENSEE TO CONSUME MALT, OR
 VINOUS LIQUORS ON THE LICENSED PREMISES WHEN THE CONSUMPTION
 IS CONDUCTED WITHIN THE LIMITATIONS OF THE LICENSEE'S
 LICENSE AND IS PART OF A TASTING IF AUTHORIZATION FOR THE
 TASTING HAS BEEN GRANTED PURSUANT TO SECTION 44-3-301.

 (6)(i)(II)
 Notwithstanding subsection (6)(i)(I) of this section, it
 shall not be unlawful for a retail liquor store,
 liquor-licensed drugstore or FERMENTED MALT BEVERAGE AND WINE
 RETAILER licensee to allow tastings to be conducted on his or
 her licensed premises if authorization for the tastings has
 been granted pursuant to section 44-3-301.

 (6)(k)(I)
 Except as provided in subsections (6)(k)(II), (6)(k)(IV), and
 (6)(k)(V) of this section, to have on the licensed premises,
 if licensed as a retail liquor store, liquor licensed
 drugstore, fermented malt beverage retailer, OR FERMENTED
 MALT BEVERAGE AND WINE RETAILER, any container that shows
 evidence of having once been opened or that contains a volume
 of liquor less than that specified on the label of the
 container;

 (6)(k)(II)(B)
 A person holding a fermented malt beverage AND WINE
 retailer's license under section 44-4-107 (1)(a) may have
 upon the licensed premises fermented malt beverages AND WINE
 in open containers when the open containers were brought onto
 the licensed premises by and remain solely in the possession
 of the sales personnel of a person licensed to sell at
 wholesale pursuant to article 4 of this title 44 for the
 purpose of sampling fermented malt beverages AND WINE by the
 fermented malt beverage AND WINE retailer licensee only.

 (6)(k)(IV)
 It is not unlawful for a retail liquor store, liquor-licensed
 drugstore or FERMENTED MALT BEVERAGE AND WINE RETAILER
 licensee to allow tastings to be conducted on the licensed
 premises if authorized for the tastings has been granted
 pursuant to section 44-3-301.

 (6)(k)(V)
 A person holding a retail liquor store or liquor-licensed
 drugstore license under this article 3 or a fermented malt
 beverage AND WINE retailer's license under section
 44-4-107 (1)(a) may have upon the licensed premises an open
 container of an alcohol beverage product that the licensee
 discovers to be damaged or defective so long as the licensee
 marks the product as damaged or for return and stores the
 open container outside the sales area of the licensed
 premises until the licensee is able to return the product to
 the wholesaler from whom the product was purchased.

 (6)(p)(III)
 If licensed as a retail liquor store under section 44-3-409,
 a liquor-licensed drugstore under section 44-3-410, or a
 fermented malt beverage AND WINE retailer under section
 44-4-107 (1)(a), to permit an employee OR ANY OTHER PERSON
 who is under twenty-one years of age to deliver malt, vinous,
 or spirituous liquors or fermented malt beverages offered for
 sale on, or sold and removed from, the licensed

 premises of the retail liquor store, liquor-licensed
 drugstore, or fermented malt beverage AND WINE retailer.

 (8)(b)
 Notwithstanding subsection (8)(a) of this section, it shall
 not be unlawful for a retail liquor store, liquor-licensed
 drugstore or FERMENTED MALT BEVERAGE AND WINE RETAILER
 licensee to allow tasting to be conducted on his or her
 licensed premises if authorization for the tastings has been
 granted pursuant to section 44-3-301.

 SECTION
 6.

 In
 Colorado Revised Statutes, amend 44-4-101 as follows:

 44-4-101.
Short title.

 The
 short title of this article 4 is SHALL BE KNOWN AND MAY BE
 CITED AS the "Colorado BBeer AND
 WINE CCode".

 SECTION
 7.

 In
 Colorado Revised Statutes, amend 44-4-102 as
 follows:

 44-4-102.
Legislative declaration.

 (1) The
 general assembly hereby declares that it is in the public
 interest that fermented malt beverages AND WINE FOR
 CONSUMPTION OFF THE PREMISES OF THE LICENSEE, FERMENTED MALT
 BEVERAGES FOR CONSUMPTION ON THE PREMISES OF THE LICENSEE,
 AND FERMENTED MALT BEVERAGES FOR CONSUMPTION BOTH ON AND OFF
 THE PREMISES OF THE LICENSEE shall be sold at retail only by
 persons licensed as provided in this article
 4 TITLE 44. The general assembly further declares that
 it is lawful to sell fermented malt beverages AND WINE at
 retail subject to this article 4 and applicable provisions of
 articles 3 and 5 of this title 44.

 (2) The
 general assembly further recognizes that fermented malt
 beverages and malt liquors are separate and distinct from,
 and have a unique regulatory history in relation to, vinous
 and spirituous liquors; however, fermented
 malt beverages and malt liquor are separate and distinct
 from, and have a unique regulatory history in relation
 to, -maintaining a separate regulatory framework and
 licensing structure for fermented malt beverages AND
 FERMENTED MALT BEVERAGES AND WINE under this article 4 is no
 longer necessary except at the retail level. Furthermore, to
 aid administrative efficiency, article 3 of this title 44
 applies to the regulation of fermented malt beverages AND
 FERMENTED MALT BEVERAGES AND WINE, except when otherwise
 expressly provided for in this article 4.

 SECTION
 8.

 In
 Colorado Revised Statutes, 44-4-103, amend (2) and (3), and
 add (7) as follows:

 44-4-103.
 Definitions.

 Definitions
 applicable to this article 4 also appear in article 3 of this
 title 44. As used in this article 4, unless the context
 otherwise requires:

 (2)
"License" means a grant to a licensee to sell
 fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE
 at retail as provided by this article 4.

 (3)
"Licensed premises" means the premises specified in
 an application for a license under this article 4 that are
 owned or in possession of the licensee and within which the
 licensee is authorized to sell, dispense, or serve fermented
 malt beverages OR FERMENTED MALT BEVERAGES AND WINE in
 accordance with the provisions of this article 4.

 (7)
"WINE" MEANS VINOUS LIQUORS AS DEFINED IN SECTION
 44-3-103(59), WHEN PURCHASED BY A FERMENTED MALT BEVERAGE AND
 WINE RETAILER FROM A WHOLESALER LICENSED PURSUANT TO ARTICLE
 3 OF THIS TITLE 44.

 SECTION
 9.

 In
 Colorado Revised Statutes, 44-4-104, amend
(1), (1)(c)(I)(A), and (1)(c)(I)(B) as follows:

 44-4-104.
Licenses - state license fees - requirements -
 definition.

 (1) The
 licenses to be granted and issued by the state licensing
 authority pursuant to this article 4 for the retail sale of
 fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE
 are as follows:

 (1)(c)(I)(A)
 A retailer's license shall be granted and issued to any
 person, partnership, association, organization, or
 corporation qualifying under section 44-3-301 and not
 prohibited from licensure under section 44- 3-307 to sell at
 retail fermented malt beverages AND WINE either for
 consumption off the licensed premises, OR FERMENTED MALT
 BEVERAGES for consumption on the licensed premises or,
 subject to subsection (1)(c)(III) of this section, FERMENTED
 MALT BEVERAGES for consumption on and off the licensed
 premises, upon paying an annual license fee of seventy-five
 dollars to the state licensing authority.

 (1)(c)(I)(B)
 A person licensed pursuant to this subsection (1)(c) to sell
 fermented malt beverages OR FERMENTED MALT BEVERAGES AND WINE
 at retail shall purchase

 the fermented malt beverages OR FERMENTED MALT BEVERAGES AND
 WINE only from a wholesaler licensed pursuant to article 3 of
 this title 44.

 SECTION
 10.

 In
 Colorado Revised Statutes, 44-4-105, amend
(1)(a)(I)(A) as follows:

 44-4-105.
Fees and taxes - allocation.

 (1)(a)(I)(A)
 Applications for new fermented malt beverage AND NEW
 FERMENTED MALT BEVERAGE AND WINE RETAILER licenses pursuant
 to section 44-3-301 and rules thereunder;

 SECTION
 11.

 In
 Colorado Revised Statutes, 44-4-106, amend
(1), (1)(a), and (1)(b) as follows:

 44-4-106.
Lawful acts.

 (1) It
 is lawful for a person under eighteen years of age who is
 under the supervision of a person on the premises eighteen
 years of age or older to be employed in a place of business
 where fermented malt beverages OR WINE are sold at retail in
 containers for off-premises consumption. During the normal
 course of such employment, any person under twenty-one years
 of age may handle and otherwise act with respect to fermented
 malt beverages OR WINE in the same manner as that person does
 with other items sold at retail; except that:

 (a) A
 person under eighteen years of age shall not sell or dispense
 fermented malt beverages OR WINE, check age identification,
 or make deliveries beyond the customary parking area for the
 customers of the retail outlet; and

 (b) A
 person who is under twenty-one years of age shall not deliver
 fermented malt beverages OR WINE in sealed containers to
 customers.

 SECTION
 12.

 In
 Colorado Revised Statutes, 44-4-107, amend
(1), (1)(a), (1)(b), (1)(c)(I), (4), (4)(a)(I), (4)(a)(II),
 (4)(b), (5), and (6), and add (1)(a.5) and
 (7) as follows:

 44-4-107.
Local licensing authority - application - fees -definition -
 rules.

 (1) The
 local licensing authority shall issue only the following
 classes of fermented malt beverage
 licenses:

 (a)
 Sales OF FERMENTED MALT BEVERAGES AND WINE for consumption
 off the premises of the licensee;

 (a.5)
LICENSES ISSUED BY THE LOCAL AND STATE LICENSING AUTHORITIES
 UNDER THIS SUBSECTION (1)(a) OF THIS SECTION IN EFFECT ON
 MARCH 1, 2023, SHALL IMMEDIATELY CONVERT FROM A FERMENTED
 MALT BEVERAGE FOR CONSUMPTION OFF THE PREMISES TO A FERMENTED
 MALT BEVERAGES AND WINE RETAILER, ON MARCH 1, 2023, WITHOUT
 ANY FURTHER ACT BY THE STATE OR LOCAL LICENSING AUTHORITY OR
 THE LICENSEE.

 (b)
 Sales OF FERMENTED MALT BEVERAGES for consumption on the
 premises of the licensee;

 (c)(I)
 Subject to subsections (1)(c)(II) and (1)(c)(III) of this
 section, sales OF FERMENTED MALT BEVERAGES for consumption
 both on and off the premises of the licensee.

 (4) On
 or after - MARCH 1, 2023, a fermented malt beverage AND WINE
 retailer licensed under subsection (1)(a) of this section:

 (a)(I)
 Shall not sell fermented malt beverages OR WINE to consumers
 at a price that is below the retailer's cost, as listed
 on the invoice, to purchase the fermented malt beverages OR
 WINE, unless the sale is of discontinued or close-out
 fermented malt beverages OR WINE.

 (II)
This subsection (4)(a) does not prohibit a fermented malt
 beverage AND WINE retailer from operating a bona fide loyalty
 or rewards program for fermented malt beverages OR WINE so
 long as the price for the product is not below the
 retailer's costs as listed on the invoice. The state
 licensing authority may adopt rules to implement this
 subsection (4)(a).

 (b)
 Shall not allow consumers to purchase fermented malt
 beverages OR WINE at a self-checkout or other mechanism that
 allows the consumer to complete the fermented malt beverages
 OR WINE purchase without assistance from and completion of
 the entire transaction by an employee of the fermented malt
 beverage AND WINE retailer.

 (5) A
 person licensed under subsection (1)(a) of this section that
 holds multiple fermented malt beverage AND WINE
 retailer's licenses for multiple licensed premises may
 operate under a single or consolidated corporate entity but
 shall not commingle purchases of or credit extensions for
 purchases of alcohol beverage product from a wholesaler
 licensed under article 3 of this title 44 for more than one
 licensed premises.

 A
 wholesaler licensed under article 3 of this title 44 shall
 not base the price for the alcohol beverage product it sells
 to a fermented malt beverage AND WINE retailer licensed under
 subsection (1)(a) of this section on the total volume of
 alcohol beverage product that the retailer purchases for
 multiple licensed premises.

 (6) A
 person licensed under - subsection (6) and
 rules promulgated under this subsection (6) SECTION
 44-4-107(1) may deliver fermented malt beverages OR WINE
 PURSUANT TO SECTION 911.5 OF ARTICLE 3 OF THIS TITLE 44. in
 sealed containers to a person of legal age if:

 (I)
 The person receiving the delivery of fermented malt beverages
 is located at a place

 (II)
The delivery is made by an employee of the fermented malt
 beverage retailer who is at least twenty-one years of age and
 who is using a vehicle owned or leased by the licensee to
 make the delivery;

 (III)
The person making the delivery verifies, in accordance with
 section 44-3-that the person receiving the delivery of
 fermented malt beverages is at least twenty-one years of age;
 and

 (IV)
The fermented malt beverage retailer derives no more than
 fifty percent of its gross annual revenues from total sales
 of fermented malt beverages from the sale of fermented malt
 beverages that the fermented malt beverage retailer delivers.
(b) The state licensing authority shall promulgate rules as
 necessary for the proper delivery of fermented malt beverages
 pursuant to this subsection (6) and may issue a permit to any
 person who is licensed pursuant to and delivers fermented
 malt beverages under subsection (1)(a) of this section. A
 permit issued under this subsection

 (6)
 is subject to the same suspension and 44-3-601 for other
 licenses granted pursuant to article 3 of this title
 44

 (7) A
 FERMENTED MALT BEVERAGE AND WINE RETAILER MAY ALLOW TASTINGS
 OF FERMENTED MALT BEVERAGES OR WINE TO BE CONDUCTED ON THE
 LICENSED PREMISES IF THE LICENSEE HAS RECEIVED AUTHORIZATION
 TO CONDUCT TASTINGS PURSUANT TO SECTION 44-3-301.

 SECTION
 13: In Colorado Revised Statutes, Title 44, Article
 3, add 911.5 as follows:

 911.5
 THIRD-PARTY DELIVERY OF ALCOHOL BEVERAGES

 (1)
 NOTWITHSTANDING ANY LAW OR RULE TO THE CONTRARY, A DELIVERY
 SERVICE PERMITTEE, OR AN EMPLOYEE OR INDEPENDENT CONTRACTOR
 OF A

 DELIVERY
 SERVICE PERMITTEE IN COMPLIANCE WITH THE PROVISIONS OF THIS
 ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44, MAY TRANSPORT AND
 DELIVER ALCOHOL BEVERAGES FROM AN OFF-PREMISES RETAILER
 LICENSED PURSUANT TO THIS ARTICLE 3 OR ARTICLE 4 OF THIS
 TITLE 44, OR FROM A LICENSEE LICENSED FOR ON PREMISES
 CONSUMPTION PURSUANT TO THIS ARTICLE 3, TO A PERSON IN THE
 STATE WHO IS AT LEAST 21 YEARS OF AGE. THE HOLDER OF A
 LICENSE LISTED IN THIS SUBSECTION (1) SHALL BE AUTHORIZED TO
 APPLY FOR AND TO HOLD A DELIVERY SERVICE PERMIT AS A
 PRIVILEGE SEPARATE FROM ITS EXISTING LICENSE.

 (2) ANY
 INDIVIDUAL, LIMITED LIABILITY COMPANY, CORPORATION, OR
 PARTNERSHIP THAT IS REGISTERED TO DO BUSINESS IN THIS STATE,
 REGARDLESS OF THE RESIDENCY OR DOMICILE OF THE INDIVIDUAL,
 ENTITY, OR OWNERS OF THE ENTITY, MAY APPLY FOR AND BE ISSUED
 A DELIVERY SERVICE PERMIT THAT AUTHORIZES THE PERMITTEE TO
 DELIVER ALCOHOL BEVERAGES FROM A LICENSEE PERMITTED FOR
 DELIVERY BY SECTION 44-3-911.5(1), TO A PERSON IN THE STATE
 WHO IS AT LEAST 21 YEARS OF AGE.

 (3) IN
 ORDER TO RECEIVE A DELIVERY SERVICE PERMIT, AN APPLICANT
 SHALL:

(a) PROVIDE TO THE STATE LICENSING AUTHORITY A SAMPLE
 CONTRACT THAT THE APPLICANT INTENDS TO ENTER INTO WITH A
 LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION FOR THE
 DELIVERY OF ALCOHOL BEVERAGES. COMPLIANCE WITH THIS
 SUBSECTION (3)(a) SHALL NOT BE REQUIRED IN THE EVENT A
 LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION 911.5, OR
 AN ENTITY UNDER COMMON OWNERSHIP WITH SUCH LICENSEE, IS THE
 APPLICANT FOR THE DELIVERY SERVICE PERMIT.

(b) SUBMIT TO THE STATE LICENSING AUTHORITY AN OUTLINE OF AN
 INTERNAL OR EXTERNAL CERTIFICATION PROGRAM FOR DELIVERY
 SERVICE PERSONNEL OR CONTRACTORS THAT ADDRESSES TOPICS SUCH
 AS IDENTIFYING UNDERAGE PERSONS, INTOXICATED PERSONS, AND
 FAKE OR ALTERED IDENTIFICATION; AND

(c) PROOF OF A GENERAL LIABILITY INSURANCE POLICY IN AN
 AMOUNT NO LESS THAN ONE MILLION DOLLARS ($1,000,000) PER
 OCCURRENCE.

 (4) A
 DELIVERY SERVICE PERMITTEE:

(a) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS,
 DELIVER ALCOHOL BEVERAGES FOR ANY OFF-PREMISES RETAILER
 PERMITTED FOR DELIVERY BY SUBSECTION 44-3-911.5(1), FOR THE
 PURPOSE OF DELIVERING ALCOHOL BEVERAGES.

(b) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT
 CONTRACTORS, DELIVER ALCOHOL BEVERAGES FOR LICENSEES
 UNDER THE PROVISIONS OF SUBSECTION 44-3-911, WHICH MAY
 INCLUDE ALCOHOL BEVERAGES BY THE DRINK. THE COMPLETION
 OF THE CERTIFICATION PROGRAM REQUIRED BY SUBSECTION
 (3)(b) OF THIS SECTION SHALL SATISFY THE REQUIREMENTS
 FOR SUBSECTION 44-3-911(3)(d)

(c) MAY USE ITS OWN EMPLOYEES OR INDEPENDENT CONTRACTORS WHO
 ARE AT LEAST TWENTY-ONE YEARS OF AGE TO DELIVER SUCH ALCOHOL
 BEVERAGES, PROVIDED ALL DELIVERY AGENTS COMPLETE A
 CERTIFICATION PROGRAM THAT MEETS THE STANDARDS ESTABLISHED BY
 THE STATE LICENSING AUTHORITY.

(d) MAY FACILITATE ORDERS BY TELEPHONE, INTERNET, OR BY OTHER
 ELECTRONIC MEANS FOR THE SALE AND DELIVERY OF ALCOHOL
 BEVERAGES UNDER THIS SECTION. THE FULL AMOUNT OF EACH ORDER
 SHALL BE HANDLED IN A MANNER THAT GIVES THE LICENSEE CONTROL
 OVER THE ULTIMATE RECEIPT OF THE PAYMENT FROM THE CONSUMER.

(e) MAY DELIVER ALCOHOL BEVERAGES ANY TIME DURING WHICH THE
 LICENSEE IS LAWFULLY ALLOWED TO SELL ALCOHOL BEVERAGES.

(f) SHALL VERIFY, AT THE TIME OF DELIVERY, IN ACCORDANCE WITH
 SUBSECTION 44-3-901(11), THAT THE PERSON RECEIVING THE
 DELIVERY OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IS AT LEAST
 TWENTY-ONE YEARS OF AGE.

(g) SHALL REFUSE TO DELIVER ALCOHOL BEVERAGES IF THE
 RECIPIENT IS UNDER TWENTYONE YEARS OF AGE, APPEARS
 INTOXICATED, OR FAILS TO PROVIDE PROOF OF IDENTIFICATION.

(h) MAY NOT DELIVER TO ANY LOCATION LICENSED PURSUANT TO THIS
 ARTICLE 3, OR ARTICLE 4 OR ARTICLE 5 OF THIS TITLE 44.

(i) SHALL BE DEEMED TO HAVE CONSENTED TO THE JURISDICTION OF
 THE STATE LICENSING AUTHORITY OR ANY LAW ENFORCEMENT AGENCY
 AND THE COLORADO COURTS CONCERNING ENFORCEMENT OF THIS
 SECTION AND ANY RELATED LAWS OR RULES.

 (5) A
 DELIVERY SERVICE PERMITTEE MAY RENEW ITS PERMIT WITH THE
 STATE LICENSING AUTHORITY BY MAINTAINING ALL QUALIFICATIONS
 AND PAYING ANNUALLY A RENEWAL FEE ESTABLISHED BY THE STATE
 LICENSING AUTHORITY.

 (6)
NOTHING IN THIS SECTION SHALL BE CONSTRUED TO REQUIRE A
 TECHNOLOGY SERVICES COMPANY TO OBTAIN A DELIVERY SERVICE
 PERMIT FOR PROVIDING SOFTWARE OR A DIGITAL NETWORK
 APPLICATION THAT CONNECTS CONSUMERS AND LICENSED RETAILERS
 FOR THE DELIVERY OF ALCOHOL BEVERAGES FROM THE LICENSED
 RETAILER BY EMPLOYEES OR OTHER DELIVERY SERVICE PROVIDERS OF
 THE LICENSED RETAILER. HOWEVER, THE ACT OF CONNECTING
 CONSUMERS TO LICENSED RETAILERS SHALL SERVE TO GRANT
 JURISDICTION TO THE STATE OF COLORADO.

 (7)
 THERE SHALL BE NO LIMIT TO THE PERCENTAGE OF A LICENSEE'S
 GROSS ANNUAL REVENUES FROM TOTAL SALES OF ALCOHOL BEVERAGES
 THAT THE LICENSEE MAY DERIVE FROM ALCOHOL BEVERAGE
 DELIVERIES.

 (8) THE
 STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF
 THIS SECTION BY THE SAME ADMINISTRATIVE PROCEEDINGS THAT
 APPLY TO ALCOHOL BEVERAGE LICENSES OR PERMITS, INCLUDING
 WITHOUT LIMITATION ANY DISCIPLINARY ACTION APPLICABLE TO THE
 SELLING LICENSEE, OR THE DELIVERY SERVICE PERMITTEE RESULTING
 FROM ANY UNLAWFUL SALE TO A MINOR.

 (9) THE
 STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF
 THIS SECTION AGAINST THE SELLING LICENSEE, DELIVERY SERVICE
 PERMITTEE, AND ANY EMPLOYEE OR INDEPENDENT CONTRACTOR OF
 SUCH, IRRESPECTIVE OF THE STATUS OF ANY DELIVERY SERVICE
 PERSONNEL AS AN INDEPENDENT CONTRACTOR OR EMPLOYEE. IF A
 LICENSEE IS ALSO A DELIVERY PERMITTEE, A VIOLATION OF THIS
 ARTICLE 3 OR ARTICLE 4 OR 5 OF

THIS TITLE 44 BY ITS EMPLOYEE OR INDEPENDENT CONTRACTOR
 DURING DELIVERY WILL SUBJECT BOTH THE RETAILER'S PERMIT
 AND DELIVERY SERVICE PERMIT TO DISCIPLINARY ACTION FOR THE
 VIOLATION. DELIVERY TO A MINOR SHALL BE TREATED AS FURNISHING
 TO A MINOR AND SHALL RESULT IN ANY APPLICABLE DISCIPLINARY
 ACTION.

 (10)
 THE STATE LICENSING AUTHORITY SHALL PROMULGATE RULES AS
 NECESSARY FOR THE PROPER DELIVERY OF ALCOHOL BEVERAGES AS
 PERMITTED BY THIS SECTION 911.5.

 SECTION
 14: In Colorado Revised Statutes, 44-3-409,
 repeal (3)(a)(II) and (IV) as follows:

 44-3-409.
Retail liquor store license - rules.

 (II)
The delivery is made by an employee -
 least twenty-one years of age and who is
 using a vehicle owned or leased by the licensee to make the
 delivery;

 (IV)
The retail liquor store derives no more than fifty percent of
 its gross annual revenues from

 SECTION
 15: In Colorado Revised Statutes, 44-3-410,
 repeal (3)(a)(II) and (IV) as follows:

 Liquor-licensed
 drugstore license - multiple licenses permitted -requirements
 - rules.

 (II)
The delivery is made by an employee of the
 liquor-licensed drugstore who is at least twentyone years of
 age and who is using a vehicle owned or leased by the
 licensee to make the delivery;

 -licensed
 drugstore derives no more than fifty percent of its gross
 annual

 -licensed
 drugstore delivers.

 SECTION
 16: In Colorado Revised Statutes, 44-3-911,
 repeal (2)(c), (3)(b), and (7) as follows:

 Takeout
 and delivery of alcohol beverages - permit - on-premises
 consumption licenses - requirements and limitations - rules -
 definition - repeal.

 (c)
 Derive no more than fifty percent of its gross annual
 revenues from total sales of food and alcohol beverages from
 the sale of alcohol beverages through takeout orders
 apply if the governor has declared a
 disaster emergency under part 7 of article 33.5 of title 24;
 or

 (II)
This subsection (2)(c) does not apply to a sales room at a
 premises licensed under section 44- 3-402 or 44-3-407;
 and

 (3)
(b) Be an employee of the licensee who is twenty-one years of
 age or older;

 (7)
This section is repealed, effective July 1, 2025.

 SECTION
 17: In Colorado Revised Statutes, 44-4-107,
 repeal (6)(a)(II) and (IV) as follows:

 44-4-107.
Local licensing authority - application - fees - definitions
 - rules.

 (II)
The delivery is made by an employee of the
 fermented malt beverage retailer who is at least twenty-one
 years of age and who is using a vehicle owned or leased by
 the licensee to make the delivery;

 fermented
 malt beverage retailer derives no more than fifty percent of
 its gross annual revenues from total sales of fermented malt
 beverages from the sale of fermented malt beverages that the
 fermented malt beverage retailer delivers.

 SECTION
 18. Effective date:

 This
 act takes effect on March 1, 2023.

 2021-2022
 #115

 Title

 A
 change to the Colorado Revised Statutes concerning the
 expansion of retail sale of alcohol beverages, and, in
 connection therewith, establishing a new fermented malt
 beverage and wine retailer license for off-site consumption
 to allow grocery stores, convenience stores, and other
 business establishments licensed to sell fermented malt
 beverages, such as beer, for off-site consumption to also
 sell wine; automatically converting

 such fermented malt beverage retailer license to the new
 license; allowing fermented malt beverage and wine retailer
 licensees to conduct tastings if approved by the local
 licensing authority; allowing retail establishments,
 including restaurants and liquor stores, to deliver any
 alcohol beverages, they are licensed to sell, to a person 21
 years of age or older through a third-party delivery service
 that has obtained a delivery service permit; and removing the
 limit on the percentage of gross sales revenues a licensee
 may derive from alcohol beverage deliveries.

 Filed
 Text

 Be
 it enacted by the People of the State of Colorado:

 SECTION
 1: Declaration

 The
 People of the State of Colorado hereby find and declare that
 Article 4 of Title 44, Colorado Revised Statutes, known as
 the "Colorado Beer Code", shall be amended to
 allow, beginning March 1, 2023, the sale of wine in grocery
 and convenience stores that are licensed to sell beer; and
 permit home delivery of alcohol sales made by licensed
 retailers through a third-party home delivery service
 provider.

 SECTION
 2. In Colorado Revised Statutes, 44-3-103,
 add (11.8), (18.5), (32.5), and (60.5) as
 follows:

 44-3-103.
 Definitions.

 As used
 in this article 3 and article 4 of this title 44, unless the
 context otherwise requires:

 (11.8)
"DELIVERY SERVICE PERMITTEE" MEANS ANY INDIVIDUAL,
 LIMITED LIABILITY COMPANY, CORPORATION, OR PARTNERSHIP THAT
 HOLDS A PERMIT TO DELIVER ALCOHOL UNDER SECTION 44- 3-911.5.

 (18.5)
"FERMENTED MALT BEVERAGE AND WINE RETAILER" MEANS A
 RETAILER LICENSED UNDER ARTICLE 4 OF THIS TITLE 44 TO SELL
 FERMENTED MALT BEVERAGES AND WINE, BUT NOT SPIRITUOUS
 LIQUORS, IN ORIGINAL SEALED CONTAINERS FOR CONSUMPTION OFF
 THE LICENSED PREMISES.

 (32.5)
"OFF-PREMISES RETAILER" MEANS ANY RETAILER LICENSED
 UNDER THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44 THAT IS
 ALLOWED TO SELL

ALCOHOL BEVERAGES AT RETAIL FOR CONSUMPTION OFF THE LICENSED
 PREMISES.

 (60.5)
"WINE" MEANS VINOUS LIQUORS

 SECTION
 3. In Colorado Revised Statutes, 44-3-301,
 amend 9(a)(I)(B), (10)(b), 10(c)(I)(A),
 10(c)(XII), 10(d), 10(e); and repeal and reenact,
 with amendments, (12) as follows:

 44-3-301.
Licensing in general.

 (9)(a)(I)(B)
The state and local licensing authorities shall not grant
 permission under this subsection (9)(a)(I) to a fermented
 malt beverage AND WINE retailer licensed under section 44-4-
 107 (1)(a) to move its permanent location if the new location
 is: Within one thousand five hundred feet of a retail liquor
 store licensed under section 44-3-409; for a premises located
 in a municipality with a population of ten thousand or fewer,
 within three thousand feet of a retail liquor store licensed
 under section 44-3-409; or, for a premises located in a
 municipality with a population of ten thousand or fewer that
 is contiguous to the city and county of Denver, within one
 thousand five hundred feet of a retail liquor store licensed
 under section 44-3-409.

 (10)(b)
 A retail liquor store, or liquor-licensed drugstore, OR
 FERMENTED MALT BEVERAGE AND WINE RETAILER licensee who wishes
 to conduct tastings may submit an application or application
 renewal to the local licensing authority. The local licensing
 authority may reject the application if the applicant fails
 to establish that he or she is able to conduct tastings
 without violating the provisions of this section or creating
 a public safety risk to the neighborhood. A local licensing
 authority may establish its own application procedure and may
 charge a reasonable application fee.

 (c)
 Tastings are subject to the following limitations:

 (I)
 Tastings shall be conducted only:

 (A) By
 a person who: Has completed a server training program that
 meets the standards established by the liquor enforcement
 division in the department and is a retail liquor store, or
 liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND
 WINE RETAILER licensee, an employee of a retail liquor store,
 or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND
 WINE RETAILER licensee, or a representative, employee, or
 agent of the licensed wholesaler, brew pub, distillery pub,

 manufacturer, limited winery, importer, or vintner's
 restaurant promoting the alcohol beverages for the tasting;
 and

 (XII)
No manufacturer of spirituous or vinous liquors shall induce
 a licensee through free goods or financial or in-kind
 assistance to favor the manufacturer's products being
 sampled at a tasting. The retail liquor store, or
 liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND
 WINE RETAILER licensee bears the financial and all other
 responsibility for a tasting conducted on its licensed
 premises.

 (d) A
 violation of a limitation specified in this subsection (10)
 by a retail liquor store, or liquorlicensed drugstore, OR
 FERMENTED MALT BEVERAGE AND WINE RETAILER licensee, whether
 by the licensee's employees, agents, or otherwise or by a
 representative, employee, or agent of the licensed
 wholesaler, brew pub, distillery pub, manufacturer, limited
 winery, importer, or vintner's restaurant that promoted
 the alcohol beverages for the tasting, is the responsibility
 of, and section 44-3-801 applies to, the retail liquor store,
 or liquor-licensed drugstore, OR FERMENTED MALT BEVERAGE AND
 WINE RETAILER licensee that conducted the tasting.

 (e) A
 retail liquor store, or liquor-licensed drugstore, OR
 FERMENTED MALT BEVERAGE AND WINE RETAILER licensee conducting
 a tasting shall be subject to the same revocation,
 suspension, and enforcement provisions as otherwise apply to
 the licensee.

 (12)(a)
 NOTWITHSTANDING ANY OTHER PROVISION OF THIS ARTICLE 3, ON AND
 AFTER JULY 1, 2016, THE STATE AND LOCAL LICENSING AUTHORITIES
 SHALL NOT ISSUE A NEW LICENSE UNDER THIS ARTICLE 3
 AUTHORIZING THE SALE AT RETAIL OF MALT, VINOUS, OR SPIRITUOUS
 LIQUORS IN SEALED CONTAINERS FOR CONSUMPTION OFF THE LICENSED
 PREMISES IF THE PREMISES FOR WHICH THE RETAIL LICENSE IS
 SOUGHT IS LOCATED:

 (I)
 WITHIN ONE THOUSAND FIVE HUNDRED FEET OF ANOTHER LICENSED
 PREMISES LICENSED TO SELL MALT, VINOUS, OR SPIRITUOUS LIQUORS
 AT RETAIL FOR OFF-PREMISES CONSUMPTION;

 (II)
FOR A PREMISES LOCATED IN A MUNICIPALITY WITH A POPULATION OF
 TEN THOUSAND OR FEWER, WITHIN THREE THOUSAND FEET OF ANOTHER
 LICENSED PREMISES LICENSED TO SELL MALT, VINOUS, OR
 SPIRITUOUS LIQUORS AT RETAIL FOR OFF-PREMISES CONSUMPTION; OR

 (III)
FOR A PREMISES LOCATED IN A MUNICIPALITY WITH A POPULATION OF
 TEN THOUSAND OR FEWER THAT IS CONTIGUOUS TO THE CITY AND
 COUNTY OF DENVER, WITHIN ONE THOUSAND FIVE HUNDRED FEET OF
 ANOTHER LICENSED PREMISES LICENSED TO SELL MALT, VINOUS, OR
 SPIRITUOUS LIQUORS AT RETAIL FOR OFF-PREMISES CONSUMPTION.

 (a.5)(I)
 NOTWITHSTANDING ANY OTHER PROVISION OF SUBSECTION 12(a) OF
 THIS SECTION, ON AND AFTER MARCH 1, 2023, THE STATE AND LOCAL
 LICENSING AUTHORITIES SHALL NOT ISSUE A NEW FERMENTED MALT
 BEVERAGE AND WINE RETAILER'S LICENSE UNDER ARTICLE 4 OF
 THIS TITLE 44 AUTHORIZING THE SALE AT RETAIL OF FERMENTED
 MALT BEVERAGES AND WINE IN SEALED CONTAINERS FOR CONSUMPTION
 OFF THE LICENSED PREMISES IF THE PREMISES FOR WHICH THE
 RETAIL LICENSE IS SOUGHT IS LOCATED WITHIN FIVE HUNDRED FEET
 OF A RETAIL LIQUOR STORE LICENSED UNDER SECTION 44-3-409.

 (II)
THIS SUBSECTION (12)(a.5) DOES NOT APPLY TO A PERSON THAT
 OWNS OR LEASES A PROPOSED FERMENTED MALT BEVERAGE RETAILER
 LICENSED PREMISES AND, AS OF JANUARY 1, 2019, HAS APPLIED FOR
 OR RECEIVED FROM THE MUNICIPALITY, CITY AND COUNTY, OR COUNTY
 IN WHICH THE PREMISES ARE LOCATED:

 (A) A
 BUILDING PERMIT FOR THE STRUCTURE TO BE USED FOR THE
 FERMENTED MALT BEVERAGE RETAILER LICENSED PREMISES, WHICH
 PERMIT IS CURRENTLY ACTIVE AND WILL NOT EXPIRE BEFORE THE
 COMPLETION OF THE LIQUOR LICENSING PROCESS; OR

 (B) A
 CERTIFICATE OF OCCUPANCY FOR THE STRUCTURE TO BE USED FOR THE
 FERMENTED MALT BEVERAGE RETAILER LICENSED PREMISES.

 (b) FOR
 PURPOSES OF SUBSECTION (12)(a) OF THIS SECTION, A LICENSE
 UNDER THIS ARTICLE 3 AUTHORIZING THE SALE AT RETAIL OF MALT,
 VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR
 CONSUMPTION OFF THE LICENSED PREMISES INCLUDES A LICENSE
 UNDER THIS ARTICLE 3 AUTHORIZING THE SALE OF MALT AND VINOUS
 LIQUORS IN SEALED CONTAINERS NOT TO BE CONSUMED AT THE PLACE
 WHERE THE MALT AND VINOUS LIQUORS ARE SOLD.

 (c)(I)
 FOR PURPOSES OF DETERMINING WHETHER THE DISTANCE REQUIREMENTS
 SPECIFIED IN SUBSECTIONS (12)(a) AND (12)(a.5) OF THIS
 SECTION ARE SATISFIED, THE DISTANCE SHALL BE DETERMINED BY A
 RADIUS MEASUREMENT THAT BEGINS AT THE PRINCIPAL DOORWAY OF
 THE PREMISES FOR WHICH THE APPLICATION IS MADE AND ENDS AT
 THE PRINCIPAL DOORWAY OF THE OTHER RETAIL LICENSED PREMISES.

 (II)
THIS SUBSECTION (12) DOES NOT APPLY TO THE CONVERSION OF A
 LICENSE UNDER SECTION 44- 4-107(1)(a)(II).

 (III)
NOTWITHSTANDING ANY OTHER PROVISION OF SUBSECTION (12)(a) OF
 THIS SECTION, THE STATE AND LOCAL LICENSING AUTHORITIES SHALL
 NOT ISSUE A NEW RETAIL LIQUOR STORE LICENSE UNDER ARTICLE 3
 OF THIS TITLE 44 AUTHORIZING THE SALE AT RETAIL OF MALT,
 VINOUS, OR SPIRITUOUS LIQUORS IN SEALED CONTAINERS FOR
 CONSUMPTION OFF THE LICENSED PREMISES IF THE PREMISES FOR
 WHICH THE RETAIL LICENSE IS SOUGHT IS LOCATED WITHIN FIVE
 HUNDRED FEET OF A FERMENTED MALT BEVERAGE AND WINE RETAILER
 LICENSED UNDER SECTION 44-4-107.

 SECTION
 4. In Colorado Revised Statutes, 44-3-313,
 amend (1)(e)(I), (1)(e)(II), (1)(e)(IV), and
 (1)(e)(V) as follows:

 44-3-313.
Restrictions for applications for new license.

 (1) An
 application for the issuance of any license specified in
 section 44-3-309 (1) or 44-4-107 (1) shall not be received or
 acted upon:

 (e)(I)
 If the building in which the fermented malt beverages AND
 WINE are to be sold pursuant to a license under section
 44-4-107 (1)(a) is located within five hundred feet of any
 public or parochial school or the principal campus of any
 college, university, or seminary; except that this subsection
 (1)(e)(I) does not apply to:

 (A)
 Licensed premises located or to be located on land owned by a
 municipality;

 (B) An
 existing licensed premises on land owned by the state;

 (C) A
 fermented malt beverage AND WINE retailer that held a valid
 license and was actively doing business before the principal
 campus was constructed;

 (D) A
 club located within the principal campus of any college,
 university, or seminary that limits its membership to the
 faculty or staff of the institution; or

 (E) A
 campus liquor complex.

 (II)
The distances referred to in subsection (1)(e)(I) of this
 section are to be computed by direct measurement from the
 nearest property line of the land used for school purposes to
 the nearest portion of the building in which fermented malt
 beverages AND WINE are to be sold, using a route of direct
 pedestrian access.

 (IV) In
 addition to the requirements of section 44-3-312 (2), the
 local licensing authority shall consider the evidence and
 make a specific finding of fact as to whether the building in
 which the fermented malt beverages AND WINE are to be sold is
 located within any distance restriction established by or
 pursuant to this subsection (1)(e). The finding is subject to
 judicial review pursuant to section 44-3-802.

 (V)
 This subsection (1)(e) applies to:

 (A)
 Applications for new fermented malt beverage AND WINE
 retailer's licenses under section 44- 4-107 (1)(a)
 submitted on or after - MARCH 1, 2023; and

 (B)
 Applications submitted on or after - MARCH 1, 2023, under
 section 44-3-301 (9) by fermented malt beverage AND WINE
 retailers licensed under section 44-4-107 (1)(a) to change
 the permanent location of the fermented malt beverage AND
 WINE retailer's licensed premises.

 SECTION
 5.

 In
 Colorado Revised Statutes, 44-3-901, amend
(1)(g), (1)(i)(III), (6)(i)(II), (6)(k)(I), (6)(k)(II)(B),
 (6)(k)(IV), (6)(k)(V), and (6)(p)(III), and (8)(b) as
 follows:

 44-3-901.
Unlawful acts - exceptions - definitions

 (1)
 Except as provided in section 18-13-122, it is unlawful for
 any person:

 (g) To
 sell at retail any malt, vinous, or spirituous liquors in
 sealed containers without holding a retail liquor store or
 liquor-licensed drugstore license, except as permitted by
 section 44-3-107 (2) or 44-3-301 (6)(b) or any other
 provision of this article 3, or to sell at retail any
 fermented malt beverages in sealed containers without holding
 a fermented malt beverage retailer's license under
 section 44-4-104 (1)(c) OR TO SELL AT RETAIL ANY FERMENTED
 MALT BEVERAGES AND WINE IN SEALED CONTAINERS

WITHOUT HOLDING A FERMENTED MALT BEVERAGE AND WINE
 RETAILER'S LICENSE UNDER SECTION 44-4-107 (1)(a).

 (i)(III)(A)
 Notwithstanding subsection (1)(i)(I) of this section, it
 shall not be unlawful for adult patrons of a retail liquor
 store or liquor-licensed drugstore licensee to consume malt,
 vinous, or spirituous liquors on the licensed premises when
 the consumption is conducted within the limitations of the
 licensee's license and is part of a tasting if
 authorization for the tasting has been granted pursuant to
 section 44-3-301.

 (i)(III)(B)
 NOTWITHSTANDING SUBSECTION (1)(i)(I) OF THIS SECTION, IT
 SHALL NOT BE UNLAWFUL FOR ADULT PATRONS OF A FERMENTED MALT
 BEVERAGE AND WINE RETAILER LICENSEE TO CONSUME MALT OR VINOUS
 LIQUORS ON THE LICENSED PREMISES WHEN THE CONSUMPTION IS
 CONDUCTED WITHIN THE LIMITATIONS OF THE LICENSEE'S
 LICENSE AND IS PART OF A TASTING IF AUTHORIZATION FOR THE
 TASTING HAS BEEN GRANTED PURSUANT TO SECTION 44-3-301.

 (6) It
 is unlawful for any person licensed to sell at retail
 pursuant to this article 3 or article 4 of this title 44:

 (i)(II)
 Notwithstanding subsection (6)(i)(I) of this section, it
 shall not be unlawful for a retail liquor store,
 liquor-licensed drugstore, or FERMENTED MALT BEVERAGE AND
 WINE RETAILER licensee to allow tastings to be conducted on
 his or her licensed premises if authorization for the
 tastings has been granted pursuant to section 44-3-301.

 (k)(I)
 Except as provided in subsections (6)(k)(II), (6)(k)(IV), and
 (6)(k)(V) of this section, to have on the licensed premises,
 if licensed as a retail liquor store, liquor licensed
 drugstore, fermented malt beverage retailer, OR FERMENTED
 MALT BEVERAGE AND WINE RETAILER, any container that shows
 evidence of having once been opened or that contains a volume
 of liquor less than that specified on the label of the
 container;

 (II)(B)
 A person holding a fermented malt beverage AND WINE
 retailer's license under section 44- 4-107 (1)(a) may
 have upon the licensed premises fermented malt beverages AND
 WINE in open containers when the open containers were brought
 onto the licensed premises by and remain solely in the
 possession of the sales personnel of a person licensed to
 sell at wholesale pursuant to article 4 of this title 44 for
 the purpose of sampling fermented malt beverages AND WINE by
 the fermented malt beverage AND WINE retailer licensee only.

 (IV) It
 is not unlawful for a retail liquor store, liquor-licensed
 drugstore, or FERMENTED MALT BEVERAGE AND WINE RETAILER
 licensee to allow tastings to be conducted on the licensed
 premises if authorized for the tastings has been granted
 pursuant to section 44-3-301.

 (V) A
 person holding a retail liquor store or liquor-licensed
 drugstore license under this article 3 or a fermented malt
 beverage AND WINE retailer's license under section
 44-4-107 (1)(a) may have upon the licensed premises an open
 container of an alcohol beverage product that the licensee
 discovers to be damaged or defective so long as the licensee
 marks the product as damaged or for return and stores the
 open container outside the sales area of the licensed
 premises until the licensee is able to return the product to
 the wholesaler from whom the product was purchased.

 (p)(III)
 If licensed as a retail liquor store under section 44-3-409,
 a liquor-licensed drugstore under section 44-3-410, or a
 fermented malt beverage AND WINE retailer under section
 44-4-107 (1)(a), to permit an employee OR ANY OTHER PERSON
 who is under twenty-one years of age to deliver malt, vinous,
 or spirituous liquors or fermented malt beverages offered for
 sale on, or sold and removed from, the licensed premises of
 the retail liquor store, liquor-licensed drugstore, or
 fermented malt beverage AND WINE retailer.

 (8)(b)
 Notwithstanding subsection (8)(a) of this section, it shall
 not be unlawful for a retail liquor store, liquor-licensed
 drugstore, or FERMENTED MALT BEVERAGE AND WINE RETAILER
 licensee to allow tasting to be conducted on his or her
 licensed premises if authorization for the tastings has been
 granted pursuant to section 44-3-301.

 SECTION
 6. In Colorado Revised Statutes,
 amend 44-4-101 as follows:

 44-4-101.
Short title. The short title of this article 4 is
 the "Colorado Beer AND WINE Code".

 SECTION
 7.

 In
 Colorado Revised Statutes, amend 44-4-102 as
 follows:

 44-4-102.
Legislative declaration.

 (1) The
 general assembly hereby declares that it is in the public
 interest that fermented malt beverages AND WINE FOR
 CONSUMPTION OFF THE PREMISES OF THE LICENSEE, FERMENTED MALT
 BEVERAGES FOR CONSUMPTION ON THE PREMISES OF THE LICENSEE,
 AND FERMENTED MALT BEVERAGES FOR CONSUMPTION BOTH ON AND OFF
 THE PREMISES OF THE LICENSEE shall be

 sold at retail only by persons licensed as provided in this
 article 4 TITLE 44. The general
 assembly further declares that it is lawful to sell fermented
 malt beverages AND WINE at retail subject to this article 4
 and applicable provisions of articles 3 and 5 of this title
 44.

 (2) The
 general assembly further recognizes that fermented malt
 beverages and malt liquors are separate and distinct from,
 and have a unique regulatory history in relation to, vinous
 and spirituous liquors; however, maintaining a separate
 regulatory framework and licensing structure for fermented
 malt beverages AND FERMENTED MALT BEVERAGES AND WINE under
 this article 4 is no longer necessary except at the retail
 level. Furthermore, to aid administrative efficiency, article
 3 of this title 44 applies to the regulation of fermented
 malt beverages AND FERMENTED MALT BEVERAGES AND WINE, except
 when otherwise expressly provided for in this article 4.

 SECTION
 8. In Colorado Revised Statutes, 44-4-103,
 amend (2) and (3); and add
(7) as follows:

 44-4-103.
 Definitions.

 Definitions
 applicable to this article 4 also appear in article 3 of this
 title 44. As used in this article 4, unless the context
 otherwise requires:

 (2)"License"
 means a grant to a licensee to sell fermented malt beverages
 OR FERMENTED MALT BEVERAGES AND WINE at retail as provided by
 this article 4.

 (3)
"Licensed premises" means the premises specified in
 an application for a license under this article 4 that are
 owned or in possession of the licensee and within which the
 licensee is authorized to sell, dispense, or serve fermented
 malt beverages OR FERMENTED MALT BEVERAGES AND WINE in
 accordance with the provisions of this article 4.

 (7)
"WINE" MEANS VINOUS LIQUORS, AS DEFINED IN SECTION
 44-3-103(59), WHEN PURCHASED BY A FERMENTED MALT BEVERAGE AND
 WINE RETAILER FROM A WHOLESALER LICENSED PURSUANT TO ARTICLE
 3 OF THIS TITLE 44.

 SECTION
 9.

 In
 Colorado Revised Statutes, 44-4-104, repeal and reenact, with
 amendments, (1) as follows:

 44-4-104.
Licenses - state license fees - requirements -
 definition.

 (I) THE
 LICENSES TO BE GRANTED AND ISSUED BY THE STATE LICENSING
 AUTHORITY PURSUANT TO THIS ARTICLE 4 FOR THE RETAIL SALE OF
 FERMENTED MALT BEVERAGES OR FERMENTED MALT BEVERAGES AND WINE
 ARE AS FOLLOWS:

 (a) AND
 (b) REPEALED. (c)(I)(A) A RETAILER'S LICENSE SHALL BE
 GRANTED AND ISSUED TO ANY PERSON, PARTNERSHIP, ASSOCIATION,
 ORGANIZATION, OR CORPORATION QUALIFYING UNDER SECTION
44-3-301 AND NOT PROHIBITED FROM LICENSURE UNDER SECTION
 44-3-307 TO SELL AT RETAIL FERMENTED MALT BEVERAGES AND WINE
 EITHER FOR CONSUMPTION OFF THE LICENSED PREMISES, OR
 FERMENTED MALT BEVERAGES FOR CONSUMPTION ON THE LICENSED
 PREMISES OR, SUBJECT TO SUBSECTION (1)(c)(III) OF THIS
 SECTION, FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF
 THE LICENSED PREMISES, UPON PAYING AN ANNUAL LICENSE FEE OF
 SEVENTY-FIVE DOLLARS TO THE STATE LICENSING AUTHORITY.

 (B) A
 PERSON LICENSED PURSUANT TO THIS SUBSECTION (1)(c) TO SELL
 FERMENTED MALT BEVERAGES OR FERMENTED MALT BEVERAGES AND WINE
 AT RETAIL SHALL PURCHASE THE FERMENTED MALT BEVERAGES OR
 FERMENTED MALT BEVERAGES AND WINE ONLY FROM A WHOLESALER
 LICENSED PURSUANT TO ARTICLE 3 OF THIS TITLE 44.

 (II)
EXCEPT AS OTHERWISE PROVIDED IN SUBSECTION (1)(c)(III) OF
 THIS SECTION:

 (A) THE
 STATE LICENSING AUTHORITY SHALL NOT ISSUE A NEW OR RENEW A
 FERMENTED MALT BEVERAGE RETAILER'S LICENSE FOR THE SALE
 OF FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF THE
 LICENSED PREMISES; AND

 (B) ANY
 LICENSEE HOLDING A FERMENTED MALT BEVERAGE LICENSE
 AUTHORIZING THE SALE OF FERMENTED MALT BEVERAGES FOR
 CONSUMPTION ON AND OFF THE LICENSED PREMISES THAT WAS ISSUED
 BY THE STATE LICENSING AUTHORITY UNDER THIS SUBSECTION (1)(c)
 BEFORE JUNE 4, 2018, THAT APPLIES TO RENEW THE LICENSE ON OR
 AFTER JUNE 4, 2018, AND WHOSE LICENSED PREMISES IS LOCATED IN
 A COUNTY WITH A POPULATION OF THIRTY-FIVE THOUSAND OR MORE
 AND NOT IN AN UNDERSERVED AREA MUST SIMULTANEOUSLY APPLY TO
 CONVERT THE LICENSE EITHER TO A LICENSE FOR THE SALE OF
 FERMENTED MALT

BEVERAGES AT RETAIL FOR CONSUMPTION OFF THE LICENSED PREMISES
 OR TO A LICENSE FOR THE SALE OF FERMENTED MALT BEVERAGES AT
 RETAIL FOR CONSUMPTION ON THE LICENSED PREMISES.

 (III)

 (A) THE
 STATE LICENSING AUTHORITY MAY ISSUE A NEW OR RENEW A
 FERMENTED MALT BEVERAGE RETAILER'S LICENSE FOR THE SALE
 OF FERMENTED MALT BEVERAGES FOR CONSUMPTION ON AND OFF THE
 LICENSED PREMISES IF THE LICENSED PREMISES IS LOCATED IN A
 COUNTY WITH A POPULATION OF LESS THAN THIRTY-FIVE THOUSAND OR
 IN AN UNDERSERVED AREA.

 (B)
 REPEALED.

 (IV) AS
 USED IN THIS SUBSECTION (1)(c), "UNDERSERVED AREA"
 MEANS AN AREA THAT IS WITHIN A COUNTY WITH A POPULATION OF
 THIRTY-FIVE THOUSAND OR MORE BUT LIES OUTSIDE OF MUNICIPAL
 BOUNDARIES OR IS A CITY OR TOWN WITH A POPULATION OF LESS
 THAN SEVEN THOUSAND FIVE HUNDRED.

 (V) FOR
 PURPOSES OF THIS SUBSECTION (1)(C), POPULATION IS DETERMINED
 ACCORDING TO THE MOST RECENTLY AVAILABLE POPULATION
 STATISTICS OF THE UNITED STATES CENSUS BUREAU.

 (d)
 REPEALED.

 (e)

 (I)
 NOTWITHSTANDING ANY LAW TO THE CONTRARY, BEGINNING ON JANUARY
 31, 2019, THE STATE LICENSING AUTHORITY SHALL NOT ISSUE OR
 RENEW ANY LICENSES UNDER THIS SECTION EXCEPT FOR LICENSES
 AUTHORIZED UNDER SUBSECTION (1)(c) OF THIS SECTION.

 (II)
LICENSES ISSUED BY THE STATE LICENSING AUTHORITY UNDER
 SUBSECTION (1)(a), (1)(b), OR (1)(d) OF THIS SECTION IN
 EFFECT ON JANUARY 31, 2019, IMMEDIATELY CONVERT, ON JANUARY
 31, 2019, WITHOUT ANY FURTHER ACT BY THE STATE LICENSING
 AUTHORITY OR THE LICENSEE, AS FOLLOWS:

 (A) A
 MANUFACTURER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION
 (1)(a) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31,
 2019, CONVERTS TO A MANUFACTURER'S LICENSE ISSUED
 PURSUANT TO SECTION 44-3-402 FOR THE MANUFACTURE OF MALT
 LIQUORS;

 (B) A
 WHOLESALER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION
 (1)(b) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31,
 2019, CONVERTS TO A WHOLESALER'S BEER LICENSE ISSUED
 PURSUANT TO SECTION 44-3-407 (1)(b);

 (C) A
 NONRESIDENT MANUFACTURER'S LICENSE THAT WAS ISSUED UNDER
 SUBSECTION (1)(d)(I) OF THIS SECTION, AS IT EXISTED BEFORE
 JANUARY 31, 2019, CONVERTS TO A NONRESIDENT
 MANUFACTURER'S LICENSE ISSUED PURSUANT TO SECTION
 44-3-406 (1); AND

 (D) AN
 IMPORTER'S LICENSE THAT WAS ISSUED UNDER SUBSECTION
 (1)(d)(II) OF THIS SECTION, AS IT EXISTED BEFORE JANUARY 31,
 2019, CONVERTS TO A MALT LIQUOR IMPORTER'S LICENSE ISSUED
 PURSUANT TO SECTION 44-3-406 (2).

 (III)
THE CONVERSION OF A LICENSE ISSUED UNDER SUBSECTION (1)(a),
 (1)(b), OR (1)(d) OF THIS SECTION TO A LICENSE ISSUED UNDER
 ARTICLE 3 OF THIS TITLE 44 PURSUANT TO SUBSECTION (1)(e)(II)
OF THIS SECTION IS A CONTINUATION OF THE PRIOR LICENSE ISSUED
 PURSUANT TO THIS ARTICLE 4 AND DOES NOT AFFECT:

(A) ANY PRIOR DISCIPLINE, LIMITATION, OR CONDITION IMPOSED BY
 THE STATE LICENSING AUTHORITY ON A LICENSEE;

(B) THE DEADLINE FOR RENEWAL OF A LICENSE; OR

(C) ANY PENDING OR FUTURE INVESTIGATION OR ADMINISTRATIVE
 PROCEEDING.

 SECTION
 10. In Colorado Revised Statutes, 44-4-105, amend
 (1)(a)(I)(A) as follows:

 44-4-105.
Fees and taxes - allocation.

 (1)(a)(I)(A)
 Applications for new fermented malt beverage AND NEW
 FERMENTED MALT BEVERAGE AND WINE RETAILER licenses pursuant
 to section 44-3-301 and rules thereunder;

 SECTION
 11. In Colorado Revised Statutes, 44-4-106,
 amend (1) introductory portion, (1)(a), and
 (1)(b) as follows:

 44-4-106.
Lawful acts.

 (I) It
 is lawful for a person under eighteen years of age who is
 under the supervision of a person on the premises eighteen
 years of age or older to be employed in a place of business
 where fermented malt beverages OR WINE are sold at retail in
 containers for off-premises consumption. During the normal
 course of such employment, any person under twenty-one years
 of age may handle and otherwise act with respect to fermented
 malt beverages OR WINE in the same manner as that person does
 with other items sold at retail; except that:

 (a) A
 person under eighteen years of age shall not sell or dispense
 fermented malt beverages OR WINE, check age identification,
 or make deliveries beyond the customary parking area for the
 customers of the retail outlet; and

 (b) A
 person who is under twenty-one years of age shall not deliver
 fermented malt beverages OR WINE in sealed containers to
 customers under section 44-4- .

 SECTION
 12.

 In
 Colorado Revised Statutes, 44-4-107, amend
(1) introductory portion, (1)(a), (1)(b), (1)(c)(I), (4),
 (5), and (6); and add (1)(a)(II), (6)(c), and (7) as follows:

 44-4-107.
Local licensing authority - application - fees -definition -
 rules.

 (1) The
 local licensing authority shall issue only the following
 classes of fermented malt beverage
 licenses:

 (2)
(a)(I) Sales OF FERMENTED MALT BEVERAGES AND WINE for
 consumption off the premises of the licensee;

 (II)A
 LICENSE ISSUED BY THE LOCAL AND STATE LICENSING AUTHORITIES
 UNDER THIS SUBSECTION (1)(a) OF THIS SECTION IN EFFECT ON
 MARCH 1, 2023, SHALL IMMEDIATELY CONVERT FROM A LICENSE TO
 SELL FERMENTED MALT BEVERAGE FOR CONSUMPTION OFF THE PREMISES
 TO A FERMENTED MALT BEVERAGES AND WINE RETAILER LICENSE, ON
 MARCH 1, 2023,

WITHOUT ANY FURTHER ACTION BY THE STATE OR LOCAL LICENSING
 AUTHORITY OR THE LICENSEE.

 (b)
 Sales OF FERMENTED MALT BEVERAGES for consumption on the
 premises of the licensee;

 (c)(I)
 Subject to subsections (1)(c)(II) and (1)(c)(III) of this
 section, sales OF FERMENTED MALT BEVERAGES for consumption
 both on and off the premises of the licensee.

 (4) On
 or after - MARCH 1, 2023, a fermented malt beverage AND WINE
 retailer licensed under subsection (1)(a) of this section:

 (a)(I)
 Shall not sell fermented malt beverages OR WINE to consumers
 at a price that is below the retailer's cost, as listed
 on the invoice, to purchase the fermented malt beverages OR
 WINE, unless the sale is of discontinued or close-out
 fermented malt beverages OR WINE.

 (II)
This subsection (4)(a) does not prohibit a fermented malt
 beverage AND WINE retailer from operating a bona fide loyalty
 or rewards program for fermented malt beverages OR WINE so
 long as the price for the product is not below the
 retailer's costs as listed on the invoice. The state
 licensing authority may adopt rules to implement this
 subsection (4)(a).

 (b)
 Shall not allow consumers to purchase fermented malt
 beverages OR WINE at a self-checkout or other mechanism that
 allows the consumer to complete the fermented malt beverages
 OR WINE purchase without assistance from and completion of
 the entire transaction by an employee of the fermented malt
 beverage AND WINE retailer.

 (5)A
 person licensed under subsection (1)(a) of this section that
 holds multiple fermented malt beverage AND WINE
 retailer's licenses for multiple licensed premises may
 operate under a single or consolidated corporate entity but
 shall not commingle purchases of or credit extensions for
 purchases of alcohol beverage product from a wholesaler
 licensed under article 3 of this title 44 for more than one
 licensed premises. A wholesaler licensed under article 3 of
 this title 44 shall not base the price for the alcohol
 beverage product it sells to a fermented malt beverage AND
 WINE retailer licensed under subsection (1)(a) of this
 section on the total volume of alcohol beverage product that
 the retailer purchases for multiple licensed premises.

 (6)(a)
 A person licensed under subsection (1)(a) of this section who
 complies with this subsection (6) and rules promulgated under
 this subsection (6) may deliver fermented malt beverages AND
 WINE in sealed containers to a person of legal age if:

 (I) The
 person receiving the delivery of fermented malt beverages OR
 WINE is located at a place that is not licensed pursuant to
 this section;

 (II)
The delivery is made by an employee of the fermented malt
 beverage AND WINE retailer who is at least twenty-one years
 of age and who is using a vehicle owned or leased by the
 licensee to make the delivery;

 (III)
The person making the delivery verifies, in accordance with
 section 44-3-901 (11), that the person receiving the delivery
 of fermented malt beverages OR WINE is at least twenty-one
 years of age; and

 (IV)
The fermented malt beverage retailer derives
 no more than fifty percent of its gross annual revenues from
 total sales of fermented malt beverages from the sale of
 fermented malt beverages that the fermented malt beverage
 retailer delivers.

 (b) The
 state licensing authority shall promulgate rules as necessary
 for the proper delivery of fermented malt beverages pursuant
 to this subsection (6) and may issue a permit to any person
 who is licensed pursuant to and delivers fermented malt
 beverages under subsection (1)(a) of this section. A permit
 issued under this subsection (6) is subject to the same
 suspension and revocation provisions as are set forth in
 section 44-3-601 for other licenses granted pursuant to
 article 3 of this title 44

 (c) A
 PERSON LICENSED UNDER SUBSECTION (1)(a) OF THIS SECTION MAY
 ALSO DELIVER THROUGH A THIRD-PARTY DELIVERY AGENT OR A
 DELIVERY SERVICE PERMITTEE IN COMPLIANCE WITH SECTION
 44-3-911.5.

 (7) A
 FERMENTED MALT BEVERAGE AND WINE RETAILER MAY ALLOW TASTINGS
 OF FERMENTED MALT BEVERAGES OR WINE TO BE CONDUCTED ON THE
 LICENSED PREMISES IF THE LICENSEE HAS RECEIVED AUTHORIZATION
 TO CONDUCT TASTINGS PURSUANT TO SECTION 44-3-301.

 SECTION
 13: In Colorado Revised Statutes,
 add 44-3-911.5 as follows:

 44-3-911.5
 Third-party delivery of alcohol beverages.

 (1)
 NOTWITHSTANDING ANY LAW OR RULE TO THE CONTRARY, A DELIVERY
 SERVICE PERMITTEE, OR AN EMPLOYEE OR INDEPENDENT CONTRACTOR
 OF A DELIVERY SERVICE PERMITTEE IN COMPLIANCE WITH THE
 PROVISIONS OF THIS ARTICLE 3 OR ARTICLE 4 OF THIS TITLE 44,
 MAY TRANSPORT AND DELIVER ALCOHOL BEVERAGES FROM AN
 OFF-PREMISES RETAILER LICENSED PURSUANT TO THIS ARTICLE 3 OR
 ARTICLE 4 OF THIS TITLE 44, OR FROM A RETAILER LICENSEE
 LICENSED FOR ON PREMISES CONSUMPTION PURSUANT TO THIS ARTICLE
 3, TO A PERSON IN THE STATE WHO IS AT LEAST TWENTY-ONE YEARS
 OF AGE. THE HOLDER OF A LICENSE LISTED IN THIS SUBSECTION (1)
 MUST APPLY FOR AND TO HOLD A DELIVERY SERVICE PERMIT AS A
 PRIVILEGE SEPARATE FROM ITS EXISTING LICENSE IN ORDER TO USE
 INDEPENDENT CONTRACTORS FOR DELIVERY. AN OFF-PREMISES
 RETAILER LICENSED PURSUANT TO THIS ARTICLE 3 OR ARTICLE 4 OF
 THIS TITLE 44 IS NOT REQUIRED TO OBTAIN A DELIVERY SERVICE
 PERMIT IF THE DELIVERY IS MADE BY AN EMPLOYEE OF THE LICENSEE
 WHO IS AT LEAST TWENTY-ONE YEARS OF AGE AND WHO IS USING A
 VEHICLE OWNED OR LEASED BY THE LICENSEE TO MAKE THE DELIVERY.
A RETAILER LICENSEE LICENSED FOR ON PREMISES CONSUMPTION
 PURSUANT TO THIS ARTICLE 3 IS NOT REQUIRED TO OBTAIN A
 DELIVERY SERVICE PERMIT IF THE DELIVERY IS MADE BY AN
 EMPLOYEE OF THE LICENSEE WHO IS AT LEAST TWENTY-ONE YEARS OF
 AGE IN ACCORDANCE WITH THE PROVISIONS OF SECTION 44-3-911.

 (2) ANY
 INDIVIDUAL, LIMITED LIABILITY COMPANY, CORPORATION, OR
 PARTNERSHIP THAT IS REGISTERED TO DO BUSINESS IN THIS STATE,
 REGARDLESS OF THE RESIDENCY OR DOMICILE OF THE INDIVIDUAL,
 ENTITY, OR OWNERS OF THE ENTITY, MAY APPLY TO THE STATE
 LICENSING AUTHORITY FOR AND BE ISSUED A DELIVERY SERVICE
 PERMIT THAT AUTHORIZES THE PERMITTEE TO DELIVER ALCOHOL
 BEVERAGES FROM A LICENSEE PERMITTED FOR DELIVERY BY SECTION
 (1) OF THIS SECTION, TO A PERSON IN THE STATE WHO IS AT LEAST
 TWENTY-ONE YEARS OF AGE.

 (3) IN
 ORDER TO RECEIVE A DELIVERY SERVICE PERMIT, AN APPLICANT
 SHALL:

(a) PROVIDE TO THE STATE LICENSING AUTHORITY A SAMPLE
 CONTRACT THAT THE APPLICANT INTENDS TO ENTER INTO WITH A
 LICENSEE LISTED IN SUBSECTION (1) OF THIS SECTION FOR THE
 DELIVERY OF ALCOHOL BEVERAGES. COMPLIANCE WITH THIS
 SUBSECTION (3)(a) SHALL NOT BE REQUIRED IN THE EVENT A
 LICENSEE LISTED IN

SUBSECTION (1) OF THIS SECTION, OR AN ENTITY UNDER COMMON
 OWNERSHIP WITH SUCH LICENSEE, IS THE APPLICANT FOR THE
 DELIVERY SERVICE PERMIT.

(b) SUBMIT TO THE STATE LICENSING AUTHORITY AN OUTLINE OF AN
 INTERNAL OR EXTERNAL CERTIFICATION PROGRAM FOR DELIVERY
 SERVICE PERSONNEL OR CONTRACTORS THAT ADDRESSES TOPICS SUCH
 AS IDENTIFYING UNDERAGE PERSONS, INTOXICATED PERSONS, AND
 FAKE OR ALTERED IDENTIFICATION; AND

(c) SUBMIT PROOF OF A GENERAL LIABILITY INSURANCE POLICY IN
 AN AMOUNT NO LESS THAN ONE MILLION DOLLARS ($1,000,000) PER
 OCCURRENCE.

 (4) A
 DELIVERY SERVICE PERMITTEE:

(a) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS,
 DELIVER ALCOHOL BEVERAGES FOR ANY OFF-PREMISES RETAILER
 PERMITTED FOR DELIVERY BY SUBSECTION (1) OF THIS SECTION, FOR
 THE PURPOSE OF DELIVERING ALCOHOL BEVERAGES.

(b) MAY, THROUGH ITS EMPLOYEES OR INDEPENDENT CONTRACTORS,
 DELIVER ALCOHOL BEVERAGES FOR ANY LICENSEE LICENSED FOR ON
 PREMISES CONSUMPTION PURSUANT TO THIS ARTICLE 3, WHICH MAY
 INCLUDE ALCOHOL BEVERAGES BY THE DRINK. SUCH DELIVERIES SHALL
 BE MADE IN ACCORDANCE WITH THE PROVISIONS OF SECTION
 44-3-911, EXCEPT FOR SUBSECTION 44-3-911(3)(d).

(c) MAY USE ITS OWN EMPLOYEES OR INDEPENDENT CONTRACTORS WHO
 ARE AT LEAST TWENTY-ONE YEARS OF AGE TO DELIVER SUCH ALCOHOL
 BEVERAGES, IF ALL DELIVERY AGENTS COMPLETE A CERTIFICATION
 PROGRAM THAT MEETS THE STANDARDS ESTABLISHED BY THE STATE
 LICENSING AUTHORITY.

(d) MAY FACILITATE ORDERS BY TELEPHONE, INTERNET, OR BY OTHER
 ELECTRONIC MEANS FOR THE SALE AND DELIVERY OF ALCOHOL
 BEVERAGES UNDER THIS SECTION. THE FULL AMOUNT OF EACH ORDER
 SHALL BE HANDLED IN A MANNER THAT GIVES THE LICENSEE

CONTROL OVER THE ULTIMATE RECEIPT OF THE PAYMENT FROM THE
 CONSUMER.

(e) MAY DELIVER ALCOHOL BEVERAGES ANY TIME DURING WHICH THE
 LICENSEE IS LAWFULLY ALLOWED TO SELL ALCOHOL BEVERAGES.

(f) SHALL VERIFY, AT THE TIME OF DELIVERY, IN ACCORDANCE WITH
 SUBSECTION 44-3- 901(11), THAT THE PERSON RECEIVING THE
 DELIVERY OF MALT, VINOUS, OR SPIRITUOUS LIQUORS IS AT LEAST
 TWENTY-ONE YEARS OF AGE.

(g) SHALL REFUSE TO DELIVER ALCOHOL BEVERAGES IF THE
 RECIPIENT IS UNDER TWENTYONE YEARS OF AGE, APPEARS
 INTOXICATED, OR FAILS TO PROVIDE PROOF OF IDENTIFICATION.

(h) MAY NOT DELIVER TO ANY LOCATION LICENSED PURSUANT TO THIS
 ARTICLE 3, OR ARTICLE 4 OR ARTICLE 5 OF THIS TITLE 44.

(i) SHALL BE DEEMED TO HAVE CONSENTED TO THE JURISDICTION OF
 THE STATE LICENSING AUTHORITY OR ANY LAW ENFORCEMENT AGENCY
 AND THE COLORADO COURTS CONCERNING ENFORCEMENT OF THIS
 SECTION AND ANY RELATED LAWS OR RULES.

 (5) A
 DELIVERY SERVICE PERMITTEE MAY RENEW ITS PERMIT WITH THE
 STATE LICENSING AUTHORITY BY MAINTAINING ALL QUALIFICATIONS
 AND PAYING ANNUALLY A RENEWAL FEE ESTABLISHED BY THE STATE
 LICENSING AUTHORITY.

 (6)
NOTHING IN THIS SECTION SHALL BE CONSTRUED TO REQUIRE A
 TECHNOLOGY SERVICES COMPANY TO OBTAIN A DELIVERY SERVICE
 PERMIT FOR PROVIDING SOFTWARE OR A DIGITAL NETWORK
 APPLICATION THAT CONNECTS CONSUMERS AND LICENSED RETAILERS
 FOR THE DELIVERY OF ALCOHOL BEVERAGES FROM THE LICENSED
 RETAILER BY EMPLOYEES OR OTHER DELIVERY SERVICE PROVIDERS OF
 THE LICENSED RETAILER. HOWEVER, THE ACT OF CONNECTING
 CONSUMERS TO LICENSED RETAILERS SHALL SERVE TO GRANT
 JURISDICTION TO THE STATE OF COLORADO.

 (7)
 THERE SHALL BE NO LIMIT TO THE PERCENTAGE OF A LICENSEE'S
 GROSS ANNUAL REVENUES FROM TOTAL SALES OF ALCOHOL BEVERAGES
 THAT THE LICENSEE MAY DERIVE FROM ALCOHOL BEVERAGE
 DELIVERIES.

 (8) THE
 STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF
 THIS SECTION BY THE SAME ADMINISTRATIVE PROCEEDINGS THAT
 APPLY TO ALCOHOL BEVERAGE LICENSES OR PERMITS, INCLUDING
 WITHOUT LIMITATION ANY DISCIPLINARY ACTION APPLICABLE TO THE
 SELLING LICENSEE, OR THE DELIVERY SERVICE PERMITTEE RESULTING
 FROM ANY UNLAWFUL SALE TO A MINOR.

 (9) THE
 STATE LICENSING AUTHORITY MAY ENFORCE THE REQUIREMENTS OF
 THIS SECTION AGAINST THE SELLING LICENSEE, DELIVERY SERVICE
 PERMITTEE, AND ANY EMPLOYEE OR INDEPENDENT CONTRACTOR OF THE
 DELIVERY SERVICE PERMITTEE, IRRESPECTIVE OF THE STATUS OF ANY
 DELIVERY SERVICE PERSONNEL AS AN INDEPENDENT CONTRACTOR OR
 EMPLOYEE. FOR THE LICENSEE'S LICENSE TO BE SUBJECT TO
 DISCIPLINARY ACTION FOR A VIOLATION OF ALCOHOL LAW DURING
 DELIVERY, THE LICENSEE MUST EITHER BE THE DELIVERY PERMITTEE
 OR THE DELIVERY MUST BE MADE BY AN EMPLOYEE OF THE LICENSEE.

 (10)
 THE STATE LICENSING AUTHORITY SHALL PROMULGATE RULES AS
 NECESSARY FOR THE PROPER DELIVERY OF ALCOHOL BEVERAGES AS
 PERMITTED BY THIS SECTION.

 SECTION
 14: In Colorado Revised Statutes, 44-3-409,
 repeal (3)(a)(II) and (3)(a)(IV) as follows:

 44-3-409.
Retail liquor store license - rules.

 (3)(a)
 A person licensed to sell at retail who complies with this
 subsection (3) and rules promulgated pursuant to this
 subsection (3) may deliver malt, vinous, and spirituous
 liquors to a person of legal age if:

 (3)(a)(II)
 The delivery is made by an employee of the
 licensed at least twenty-one years of
 age and who is using a vehicle owned or leased by the
 licensee to make the delivery;

 (3)(a)(IV)
 The retail liquor store derives no more than
 fifty percent of its gross annual revenues from total
 sal

 SECTION
 15: In Colorado Revised Statutes, 44-3-410,
 repeal (3)(a)(II) and (3)(a)(IV) as follows:

 44-3-410.
Liquor-licensed drugstore license - multiple licenses
 permitted -requirements - rules.

 (3)(a)
 A liquor-licensed drugstore licensee who complies with this
 subsection (3) and rules promulgated pursuant to this
 subsection (3) may deliver malt, vinous, and spirituous
 liquors to a person of legal age if:

 (3)(a)(II)
 The delivery is made by an employee of the
 liquor-licensed drugstore who is at least twenty-one years of
 age and who is using a vehicle owned or leased by the
 licensee to make the delivery;

 (IV)
The l -licensed
 drugstore derives no more than fifty percent of its gross
 licensed drugstore delivers.

 SECTION
 16: In Colorado Revised Statutes, 44-3-911,
 repeal (2)(c), (3)(b), and (7) as follows:

 44-3-911.
Takeout and delivery of alcohol beverages - permit -
 on-premises consumption licenses - requirements and
 limitations - rules - definition - repeal.

 (2) To
 sell and deliver an alcohol beverage or to allow a customer
 to remove an alcohol beverage from the licensed premises as
 either is authorized under subsection (1) of this section,
 the licensee must:

 (c)
 Derive no more than fifty percent of its
 gross annual revenues from total sales of food and alcohol
 beverages from the sale of alcohol beverages through takeout
 orders

 (I)
 This subsection (2)(c) does not apply if the
 governor has declared a disaster emergency unde

 (II)
This subsection (2)(c) does not apply to a
 sales room at a premises licensed under section 44- 3-402 or
 44-3-407; and

 (3) (b)
 Be an employee of the licensee who is
 twenty-one years of age or older;

 (7)
This section is repealed, effective July 1,
 2025.

 SECTION
 17.

 Effective
 date: This act takes effect on March 1, 2023.

 2021-2022
 #128

 Title

 An
 amendment to the Colorado constitution concerning the
 expansion of retail sale of alcohol beverages, and, in
 connection therewith, authorizing a person licensed to sell
 beer at retail to also sell wine at retail and authorizing
 home delivery of all alcohol beverages through third-party
 home delivery service providers that use employees or
 independent contractors to make deliveries so long as the
 delivery person and the recipient are both at least 21 years
 of age.

 Filed
 Text

 Be
 it Enacted by the People of the State of Colorado:

 SECTION
 1. In the constitution of the state of Colorado,
 recreate and reenact, with amendments,
article XXII as follows:

 Article
 XXII Intoxicating Liquors

 Section
 1. Wine and Beer.

 A
 PERSON LICENSED TO SELL BEER AT RETAIL MAY SELL WINE AT
 RETAIL FROM A PREMISES THAT IS LICENSED TO SELL BEER AT
 RETAIL.

 Section
 2. Home Delivery.

 HOME
 DELIVERY OF ALCOHOL BEVERAGES IS PERMITTED THROUGH
 THIRD-PARTY HOME DELIVERY SERVICE PROVIDERS WHO USE EMPLOYEES
 OR INDEPENDENT CONTRACTORS TO MAKE DELIVERIES, PROVIDED THE
 DELIVERY PERSON IS TWENTY-ONE YEARS OF AGE OR OLDER AND THE
 DELIVERY RECIPIENT PRESENTS A VALID IDENTIFICATION DOCUMENT
 SHOWING PROOF OF BEING AGE TWENTYONE OR OLDER.

---------

[1] The titles set and filed text for each
 of the Initiatives are attached to this opinion as an
 appendix.

---------